Woolheather v. Risley.

---

WOOLHEATHER v. RISLEY.

1. **Practice:** CONTINUANCE. Where an application for continuance has been overruled by the court below, the presumption is in favor of the ruling, and error must be affirmatively shown.

2. **Evidence:** ORDER OF INTRODUCTION. The order in which proof must be introduced rests in the discretion of the court; and in an action by the wife for damages caused by the sale of intoxicating liquors to the husband, witness may be asked if the husband had been frequently intoxicated, before the introduction of proof that such intoxication had been caused by defendant.

3. ———: OBJECTION TO. An objection to a question not urged in the court below will not be entertained by the appellate court.

4. **Intoxicating liquors:** LIABILITY FOR SALE. A seller of intoxicating liquors to the husband by which the wife is injured in her means of support, is not released from liability if a part of the liquors causing the intoxication were sold by others. He is liable if he contributed thereto.

5. **Appeal:** INSTRUCTIONS. That the court failed to modify certain instructions at the request of the appellant, constituting error in his favor, cannot be taken advantage of by him.

6. **Intoxicating liquors:** RIGHTS OF THE WIFE. A married woman has the right to rely upon the support of her husband, and is entitled to damages from the person who injures her in her means of support by the sale of intoxicating liquors to her husband, irrespective of his conduct previous to such sale.

7. **Appeal:** PRACTICE: INSTRUCTION OTHERWISE GIVEN. If the court refuse to give an instruction asked, though correct, but give substantially the same upon its own motion, such refusal constitutes no error.

8. **Husband and wife:** INJURY TO PROPERTY OF WIFE. If the wife have a horse which she claims and uses as her own with the knowledge of her husband, and he sell it while intoxicated, she may recover its value of the seller of the liquor causing the intoxication.

9. **Instructions:** REFUSAL TO GIVE: MEASURE OF DAMAGES. Where the general principle of measure of damages is correctly given elsewhere, the refusal to give particular instructions upon the subject, though correct, will not justify reversal.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 15.

THE plaintiff brings this action to recover from the defendant damages which she alleges she has sustained in her person, property, means of support, etc., by reason of the defendant having, at various times, sold intoxicating liquors to plaintiff's husband, thereby causing frequent and habitual intoxication and injury to the plaintiff. There was a jury trial. Verdict and judgment for plaintiff. Defendant appeals.

*Walter I. Hayes* and *George B. Young,* for appellant.

*Flint & Darling,* and *Foster & Rice,* for appellee.

MILLER, CH. J.—Previous to the trial the defendant made an application for a continuance, based on his own affidavit. The court refused to continue the cause, and of this appellant complains.

It appears by the record that the application was made on the 9th day of September, 1873, the same day the cause was 1. PRACTICE: regularly reached for trial. It is not shown what continuance. day of the term that was. The statute provides that the motion, for a continuance, " shall be filed on the second

made day of the term if it is then certain that it will have to be before the trial, and as soon thereafter as it becomes certain that it will so need to be made, and shall not be allowed to be made when the cause is called for trial, except for cause which could not by reasonable diligence have been before that time discovered, *and if made after the second day of the term, the affidavit must state facts constituting an excuse* for the delay in mkaing it." Code, § 2752. Every presumption is to be indulged in favor of the ruling of the court, and, in the absence of any showing to the contrary, we must presume in this case that the application was made in time under the statute and was overruled for that reason, because the affidavit failed to "state facts constituting an excuse for the delay" in making the mtoion. Error must be affirmatively shown. We do not presume it.

II. On the trial, plaintiff, on the witness stand, was asked by his counsel the following question: "State whether or not your husband was intoxicated frequently for the two years last past, next preceding the first of last August?" The defendants' counsel objected to the question on the grounds that it was leading and general. The question propounded is not leading. *Cochran v. Miller*, 13 Iowa, 128. The question did not suggest the answer desired. It did not suggest to the witness whether an affirmative or negative answer was desired, and was, therefore, not leading. 1 Greenleaf's Ev., § 434, and cases cited in notes.

The ojection that the question was too general in not confining "the witness to intoxication resulting from liquors obtained of defendant," is not tenable. That the plaintiff's husband was frequently intoxicated within the time specified, was a fact which it was competent to prove, preliminary to the principal fact that such intoxication was caused by liquors sold to him by defendant. The order in which the proof of these facts should be received was in the sound discretion of the court. And that the plaintiff may have failed to prove that every case of her husband's intoxication was the result of liquor sold to him by the

2. EVIDENCE: order of introduction.

defendant, was no objection to proof of the fact that he was frequently intoxicated during the time named.

III.   The following question was propounded to plaintiff as a witness: "State whether or not your husband maltreated

*3. ———:*
*objection to.*   you at any other time when he was in a state of intoxication produced by the defendant, during the two years next preceding the first day of August last." This question was allowed to be answered against the objections of appellant, who now urges that it was improper because it assumed that the husband had been in a state of intoxication which was caused by the defendant, which was the question at issue.   This objection was not made to the question in the court below, and cannot be urged for the first time in this court.   The objections made to the question on the trial are not urged here.

We find no error or abuse of discretion in the ruling of the court upon the various questions made upon the examination of the plaintiff as a witness.   Nor was there error in the ruling of the court, striking out of the testimony of the witness Bonney the statement that he had drank with plaintiff's husband the day before the trial.   This statement was wholly immaterial and irrelevant to the issue.   Nor does it appear in any way calculated to affect the credibility of the witness.

IV.   The court at defendant's request gave to the jury the following among other instructions:

"4.   If the jury find that the plaintiff's husband drank intoxicating liquors at various places including the defendant's, and became intoxicated, then in such case the defendant would not be liable for damages produced by such intoxication, unless the jury find it to be a fact that such intoxication was caused by the defendant. [Modified by adding the following:]   "Or that he contributed to said intoxication."

"5.   If the jury find that the plaintiff's husband became intoxicated by liquor drank at various places, including the defendant's, then the defendant would not be liable for damages caused by such intoxication, unless the jury find from a preponderance of evidence that it was the liquor drank at the

defendant's that caused such intoxication. [Modified by adding the following:] "Or contributed to that result."

The modification of these instructions is complained of by appellant. There was no error in this ruling. It is very apparent, and the jury could not have failed to so understand, that by these instructions, as modified, it was not absolutely necessary that the liquor· sold by defendant to plaintiff's husband should have alone caused his intoxication, but that if such liquor together with other liquors drank elsewhere before or after the liquor sold to him by defendant, produced intoxication, it was sufficient. In other words the jury are told in substance that the defendant would not be liable for damages produced by the intoxication of plaintiff's husband, unless such intoxication was caused by defendant selling him liquor wholly causing such intoxication, or which assisted in causing the same. Whether the husband of plaintiff became intoxicated solely on defendant's liquor, or on that together with what he drank elsewhere, the defendant is by these instructions held liable for the injuries resulting from such intoxication.

*4. INTOXICATING liquors: liability for sale.*

Appellant insists that this statute must be strictly construed, both because it is derogatory to the common law, and on account of its penal character. If we should concede this position and apply the rule of the criminal law, we find.that although the penalties of the criminal statutes are denounced against those who commit crimes, yet that all those who, being present, in any manner aid, counsel, assist or abet in the commission of the act, are equally principal offenders.· If two persons wilfully administer distinct portions of poison to another, which together produce death, will it be claimed that neither of the parties can be punished because the death was not solely caused by the poison administered by either one of them? Most clearly not; so in this case if plaintiff's husband had taken one or more glasses of liquor at some place other than at defendant's saloon, which did not intoxicate him, and before its effect had passed off he obtained several glasses of liquor from defendant which together with that previously drank did cause intoxication, are both of the vendors of the

liqour to be deemed innocent, or are they both guilty? Most clearly the latter, even construing the statute as the criminal law, strictly. But the statute provides that, "Courts and juries shall construe this statute so as to prevent evasions," of its provisions, Code, Sec. 1554, which changes the common law rule generally applied to criminal statutes.

It is further urged that the court erred in modifying the 4th and 5th instructions, even admitting their correctness as 5. APPEAL: in- legal propositions, because the first and second structions. instructions asked by defendant, and given by the court should have been modified in the same way. If there was error in this, it was error in favor of the defendant, of which he cannot complain, the error consisting in the failure of the court to modify the first and second, as well as the fourth and fifth instructions given at the request of appellant.

V. The appellant requested the court to give the following instructions:

"If the plaintiff's husband neglected his business, but would not have pursued his business, if sober, in that event his wife would suffer no damage in her means of support by such intoxication, even if caused by the defendant."

"If the plaintiff was in no worse condition after, or by reason of the sale of liquors to her husband by the defendant, than she was before, she has not suffered in her means of support, and cannot recover therefor."

The court refused to so instruct, and appellant assigns this ruling as error. The first of these instructions was properly refused, for the reason that there was no evidence tending to show that plaintiff's husband "would not have pursued his business" if he had kept sober.

The second was also properly refused because the effect of it would have been to direct the jury, that if before the defend- 6. INTOXICA- ant sold plaintiff's husband any liquor, he was a TING liquors: right of wife. drinking man and did not support his wife or family, but that the plaintiff alone did so, and continued to do so for two years or less, during which time the defendant was selling her husband liquors and causing his intoxication, and causing him to neglect to provide for his family, she

would not be entitled to recover if she was no poorer at the end of that time than she was at its commencement, although she had been compelled to support herself and family by her own personal labor. It is quite clear that if the defendant deprived the plaintiff of the assistance of her husband in the support of herself and family, by causing his frequent intoxication, her means of support would be thereby injured to that extent, without reference to her condition before and after such injury. The wife relies, as she has the right to do, upon her husband as her main, and frequently her only, support. The person who deprives her of this support by converting her husband into a drunkard and an idle vagabond, most materially injures her means of support. She is thereby deprived of that to which she had a right, and which when taken away inflicts upon her a great wrong, for which the statute gives her a remedy. The jury was correctly and fully instructed on this subject, in the fifth division of the charge of the court.

VI. The complaint of appellant of the refusal of the court to give the twelfth instruction asked by him, has no foundation. The sixth instruction given by the court on its own motion, covers the same ground and correctly states the law as respects the measure of damages, and to which no objection is urged in appellant's argument.

7. APPEAL: practice : instruction otherwise given.

VII. One of the injuries complained of by the plaintiff is, that she had been the owner of a horse of the value of one hundred dollars, which her husband while intoxicated by liquors sold to him by defendant, sold and disposed of without her knowledge or consent, and squandered the money received therefor. The court charged the jury on this point that to entitle the plaintiff to recover for the horse, if disposed of by her husband as alleged, it was not necessary that she should prove that " she was the absolute legal owner of said horse under the laws of this state, but it will be sufficient if the evidence shows that plaintiff claimed to own the horse, and treated it as her own, and that her husband had knowledge thereof, and up to the time of the sale had conceded his wife's ownership of the horse, and treated and regarded it as hers."

8. HUSBAND and wife : injury to property of wife.

Woolheather v. Risley.

The facts here stated hypothetically, in this instruction, if found to be true, would, as between the husband and wife, constitute the horse hers. Whether it would have been hers, under the evidence, as to creditors, or a purchaser from her husband in possession, was not material, for the defendant does not occupy either of those relations. If, as between the plaintiff and her husband, the horse was hers, and he sold and disposed of it as alleged, while under the influence of intoxicating liquors furnished to him by the defendant, the plaintiff was injured in her property to the extent of the value of the horse. There was, therefore, no error in giving this instruction, nor in the refusal to give the sixth and eighth asked by defendant.

VIII. The 24th instruction asked by defendant, in regard to the measure of damages for an alleged injury to plaintiff's

9. INSTRUC-TIONS: refusal to give: measure of damages.

carpet, by her husband while intoxicated, embodied the correct rule, being the difference in the value immediately before the injury, and the value immediately after, and might properly have been given; but since we find no error in the record in any other respect, and the sixth paragraph of the charge gave the jury correct general instructions upon the measure of damages, we will not reverse for the refusal to give this 24th instruction. It could not have worked any prejudice to him.

IX. On a careful examination of the evidence we are satisfied that the verdict is sustained thereby, and that the judgment of the court thereon must be

AFFIRMED.