## LA FRANCE v. KRAYER ET AL.

1. **Intoxicating Liquors:** JOINT LIABILITY: ACTION. A joint action will not lie against several defendants, whose places of business were distinct and who had no business connection with each other, for injuries caused the plaintiff by the sale of intoxicating liquors to her husband.

2. ———: ———: ———. Whether such an action could be maintained if successive sales by the several defendants produced a single act of intoxication from which the injury resulted, *quære*.

3. ———: ———: ———. In an action for damages for injuries resulting from the sale of intoxicating liquors, the seller may be joined as defendant with the owner of the land upon which the liquor was sold and upon which it is sought to establish a lien.

### *Appeal from Dubuque District Court.*

### WEDNESDAY, DECEMBER 15.

THIS is an action brought by the plaintiff, a wife, under Code, Sec. 1757, to recover damages sustained by her in consequence of the sale of intoxicating liquors to her husband. There are sixteen persons made defendants. It is alleged that the defendants, John Krayer, Samuel Des Jardins, Lewis Fuller and Robert McGivern, were severally the proprietors of saloons, and as such had sold intoxicating liquors to her husband, resulting to her damage in the sum of $20,000, the petition being very full and specific as to the acts of each of said defendants, and averring that they covered a period of two years, and also very full as to the mode of injury to the plaintiff. The petition also specifies the description of the real estate whereon the saloons were severally situated, in which the alleged sales were made, and the names of the owners respectively of such real estate are set out also, and they are made defendants herein, and a lien upon the several saloons and real estate is asked for, under Code, Sec. 1558.

The defendant, Robert McGivern, moved to strike out of plaintiff's petition the names of the defendants who are alleged, severally, to have sold intoxicating liquors to plaintiff's husband; and also the names of the persons who are alleged

to be the owners of the real estate whereon the several sales by the three other named saloon-keepers were made, because the petition shows that the cause of action against said defendant is separate and distinct from the causes of action against said other defendants, and because said petition fails to show any joint liability on the part of said McGivern with said other defendants.

The said McGivern also moved to strike from said petition the names of the persons alleged to be the owners of the real estate, whereon the sales were made by him, because said defendants are not jointly liable with him for the cause of action averred, and have no right to interfere in his defense. These motions were sustained. The plaintiff appeals.

*R. E. Bishop* and *S. P. Adams*, for appellant.

The one who has sustained injury at the hands of several wrong doers, although they did not act in concert, if the illegal act of all tended to to the same result, may maintain an action against any or all. (2 Hill. on Torts, 3d ed., 292; *Woolheather v. Risley*, 38 Iowa, 486; see, also, *Bodge v. Hughes*, 53 N. H., 614.) If all the defendants should not have been joined, a motion to be more specific is the remedy. The plaintiff may elect who should be parties defendant. (*Low v. Mumford*, 14 Johns., 426.) In cases of tort, each wrong gives but a single right of action, however numerous the elements that enter into it. (*Cracroft v. Cochran*, 16 Iowa, 301.) One of several defendants cannot be heard to complain that others are joined with him and sought to be made sharers of the liability. (Miller's Practice, 196; Story's Eq. Pl., 509, 544.)

*Pollock & Shields* and *E. McCeney*, for appellees.

A petition may be assailed for misjoinder of parties by motion, but not by demurrer. (*Turner v. First Nat. Bank of Keokuk*, 26 Iowa, 562.) The court at its discretion may order the issues to be tried separately. (*Blades v. Walker*, 36 Iowa, 266.) Where two parties act, each for himself, in

La France v. Krayer.

producing a result injurious to the plaintiff, they are not jointly liable. (2 Hilliard on Torts, 315; see, also, *Eddy v. Howard*, 23 Iowa, 175.)

COLE, J.—This action is brought under Code, Sec. 1557, which enacts that "every wife, child, parent, guardian, employe, or other person, who shall be injured in person or property, or means of support, by any intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person who shall by selling intoxicating liquors cause the intoxication of such person for all damages sustained, as well as exemplary damages." * * * * * *

It is also enacted: "Sec. 1558. For all fines and costs assessed or judgments rendered of any kind against any person for a violation of any provision of this chapter, the personal or real property, except the homestead as now provided by law, of such person, as well as the property, personal or real; occupied and used for that purpose, with the consent and knowledge of the owner thereof or his agent, by the person manufacturing or selling intoxicating liquors, contrary to the provisions of this chapter, shall be liable, and all such fines, costs and judgments be a lien on such real estate until paid." * * * * *

Upon the question of the joint liability of the defendant McGivern with his co-defendants, who kept other and distinct saloons, having no connection whatever with his, in the business carried on therein, nor with the business of each other, there cannot, upon principle, it seems to us, be any question that they are not jointly liable. For when two or more parties act each for himself in producing a result injurious to the plaintiff, they are not jointly liable. *Bard v. Yohn*, 26 Penn., 482.

A joint liability arises when an immediate act is done by the co-operation or joint act of two or more persons. Mere successive wrongs, being the independent acts of the persons doing them, will not create a joint liability, although the wrongs may be committed against the

same person. There must be concurrent action, a co-operation or a consent or approval in the accomplishment by the wrong-doers of the particular wrong, in order to make them jointly liable. And it has been held that a joint action may not be brought against a physician who prescribed and an apothecary who put up the noxious medicine. In this case, the sale by each to the husband of plaintiff, resulting in her injury, became an independent and complete cause of action; and a sale to him of other intoxicating liquors by another person on the next day, the next week, or the next month, would not give a joint right of action either for the first or last sale. They are manifestly, under the statute, each complete in itself.

. But we are not to be understood as denying a joint liability in cases where the successive sales by several have produced a particular intoxication from which the injury sued for has resulted.

· But it is urged by appellant's counsel that these defendants are jointly bound because, by the Code, " Sec. 2550. Where two or more persons are. bound by contract, or by judgment, decree or statute, whether jointly only, or jointly and severally, or severally only, and including parties to negotiable paper, common orders, and checks and sureties on the same or separate instruments, or by any liability growing out of the same, the action thereon may at the plaintiff's option be brought against any or all of them." \* \* \* \* \* \* \* \* \*

. And it is argued that the defendants are bound *by statute,* and, therefore, the action may be brought against "any or all." But this is a very manifest misapprehension of this statute and the basis of this action. These defendants are not bound *by statute;* but they have incurred a liability under a statute. They are not bound by statute to pay to plaintiff either jointly or severally any sum of money; but, having sold to plaintiff's husband intoxicating liquors to her damage, a cause of action arises to her under the statute for such damage. It is the wrongful act of defendants that gives to plaintiff her cause of action. Any other view would make every person, who had made himself liable to a statutory action, liable

jointly with every other person who may have incurred a liability under a statute. The court, therefore, did not err in holding that the action was not joint.

But, in sustaining the motion to strike from the petition the names of the owners of the saloon and the real estate 3. ——: ——: whereon the sale was made, the court, in our ——. opinion, did err. By Sec. 1558, quoted above, it is clear that their property is liable for any judgment which the plaintiff may recover against McGivern; and that judgment will become a lien upon that property.

The only way to enforce a lien is by an action against the owners of the property whereon the lien is sought. While the plaintiff might have brought her action against the seller of the intoxicating liquors alone,· and having recovered judgment therein might, by another action against the owners,· enforce it; yet she has the right to join them in the one action and therein obtain complete relief. For this error the judgment is

REVERSED.