## JEWETT v. WANSHURA.

1. **Intoxicating Liquors**: SALE OF WINE AND BEER: DAMAGES. Under section 1539 of the Code, wine and beer are included in the term *intoxicating liquors* in section 1557, for the sale of which a right of action is thereby conferred.

2. ———: DAMAGES: SETTLEMENT. Where several persons have sold intoxicating liquors to the husband, a settlement by the wife with one of them does not operate to discharge the others from liability.

3. ———: ———: COERCION OF THE WIFE. When the wife had forbidden the sale of intoxicating liquors to her husband and subsequently, in his presence, gave permission for the seller to supply him with all he wanted, *held*, that the seller should have inferred that she acted under coercion in giving the permission, and that he was not thereby exempted from liability.

*Appeal from Jones District Court.*

THURSDAY, JUNE 15.

THIS action was commenced against defendant and eight others, under section 1557 of the Code, to recover damages for selling intoxicating liquors to plaintiff's husband when he was intoxicated, and when he was sober, thus causing him to become intemperate and drunken, and injuring her in her property and means of support. The defendants filed a motion that plaintiff be required to state more specifically whether said defendants each kept a separate saloon, and whether each, at his own saloon, by himself, and independently of the others, sold to plaintiff's husband as alleged. Afterward the plaintiff elected to dismiss all the defendants except Wanshura, who filed an answer denying all the allegations of the petition. Pending the trial the defendant filed an amended answer alleging that the plaintiff authorized and requested the defendant to sell ale, beer, wine and liquor to her husband. Subsequently the defendant filed a second amended answer, alleging that plaintiff commenced an action against H. Babbe and John Rueger, charging them with the commission of the same acts and at the same times, constituting the same wrongs and injuries imputed to defendant; that she has fully settled

with said Babbe and Rueger, and acknowledged satisfaction of the alleged injuries, and that by reason thereof plaintiff is barred from further proceeding with this suit.

There was a jury trial, resulting in a verdict for plaintiff for $1,000 actual, and $200 exemplary damages. Motion for new trial overruled. Judgment upon the verdict. Defendant appeals.

*M. W. Herrick* and *J. L. Peters*, for appellant.

*A. J. Monroe* and *J. Q. Wing*, for appellee.

DAY, J.—I. The court refused to direct the jury "that unless the jury find from the evidence that the defendant sold the said S. Jewett intoxicating liquor, other than ale or beer, within the time specified in the plaintiff's petition, the jury will find for defendant," and in substance instructed, that since the adoption of the Code of 1873, which took effect September 1, 1873, parties may recover for injuries sustained from intoxication produced by reason of the sale of beer, ale and wine, to persons intoxicated, or who are in the habit of becoming intoxicated, the same as for injuries sustained from drunkenness produced by any other kind of intoxicating liquors. The defendant excepted to this action of the court, and now assigns it as error.

1. INTOXICATING liquors: sale of wine and beer: damages.

Section 1583 of the Revision, which is section 1, chapter 143, Laws of 1858, and substantially the same as section 1555 of the Code, provides that "wherever the words intoxicating liquors occur in this act or the act to which this is amendatory, the same shall be construed to mean all spirituous and vinous liquors; provided, that nothing in this act shall be so construed as to forbid the manufacture and sale of beer, cider from apples, or wine from grapes, currants or other fruits grown in this State."

Whilst the law stood thus, section 2, chapter 47, Laws of 1862, section 1557 of the Code was enacted. This provides that "every wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of

the intoxication, habitual or otherwise, of any person, shall have a right of action, in his or her own name, against any person who shall, by selling intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages." It may be conceded that this section authorizes a recovery of damages only for, a sale of such intoxicating liquors as the law prohibits. It must be conceded, however, that the limiting of intoxicating liquors to spirituous and vinous liquors is purely arbitrary, for it is a matter of general knowledge and observation that malt liquors are in fact intoxicating. The law standing thus, section 1539 of the Code was enacted. This, in substance, provides that it shall be unlawful for any person to sell any spirituous or other intoxicating liquors, including wine or beer, to any intoxicated person, or to any person who is in the habit of becoming intoxicated. The effect of this is to superadd to the arbitrary classification of intoxicating liquors, beer, and wine though manufactured from grapes or other fruits grown in this State, if the same be sold to persons intoxicated, or in the habit of becoming intoxicated.

Section 1557 gives a remedy for injuries caused by the sale of intoxicating liquors. Section 1539 classes wine and beer as intoxicating liquors when sold to persons intoxicated or in the habit of becoming intoxicated. Hence, section 1557 gives a remedy for injuries caused by such sale of wine or beer, and the court, in the action under consideration, did not err. The case of *Worley v. Spurgeon et al.*, 38 Iowa, 465, relied upon by appellant, is not in point. The question of selling to a person intoxicated, or in the habit of becoming intoxicated, was not presented in that case.

II. The court instructed the jury as follows: "It appears from the original petition, as well as from the evidence in the 2. ——: da- case, that others were selling intoxicating liquors mages: settle- to the husband of the plaintiff during the time ment complained of, and it appears that she has settled and compromised her claim for damages against some of them. These settlements by the plaintiff do not, in a case of this character, operate as a discharge of those not settled with.

When the drunkenness complained of consists not of a mere simple fit of intoxication contributed to by two or more, the action is not joint, but several, and each is only liable for the injury produced by his own acts. It is proper, however, to consider whether the defendant, if liable at all, is liable for all the injuries complained of. If others sold him liquors which contributed to produce drunkenness which led to idleness and squandering of his property to the injury of plaintiff, each party contributing to the injury is liable for the injury which he alone did."

The giving of this instruction is assigned as error.

The evidence introduced by plaintiff covered a period of two years. In *La France v. Krayer*, 42 Iowa, 143, we held that a joint action does not lie for injuries sustained as alleged in plaintiff's petition. When a joint action does not lie, each party must be liable for the injury which he occasions, and, as a corollary, a settlement with one does not bar an action against another. As intimately connected with this question, see *Woolheather v. Risley*, 38 Iowa, 486; *Kearney v. Fitzgerald*, p. 580, *post*.

The evidence shows that plaintiff's husband became a confirmed drunkard, and that he visited the saloons almost daily. The plaintiff forbade the defendant selling to her husband. A day or two thereafter plaintiff and her husband went to defendant's saloon, plaintiff's husband called defendant out, telling him his wife wanted to see him, and defendant claims that plaintiff then countermanded her previous order, and directed him to sell to her husband whatever he wanted. The plaintiff claims that she authorized defendant only to sell her husband a glass of beer occasionally. The plaintiff proved that she was compelled to retract her order, by the threats of her husband that he would abandon her and take from her her child. Knowledge of these threats was not brought home to the defendant. The court instructed the jury as follows: "The defendant denies the alleged sales and also insists that for a part of the time the plaintiff herself authorized the sale of liquor to her husband. If the plaintiff did direct the defendant to sell her husband what beer he wanted, and the defend-

ant in good faith supposed that such request was made of her own free will, there is no liability for any sales made under these circumstances. But if you find from the evidence that the defendant knew that Jewett was a habitual drunkard, and knew that the wife only requested the sales to be made under the restraint of her husband and to keep peace with him, then the defendant is not excused if he did sell to the husband and make him drunk." The objection urged to this instruction is, that there is no evidence that defendant knew that plaintiff acted under the restraint of her husband. That there is no direct evidence of this fact is conceded. But knowledge consists of two kinds, facts which are unmistakably established, and the necessary conclusions or inferences from such facts. If it should be proved that a gun loaded with a ball was fired vertically into the air, a jury would be authorized to find, from such testimony, that the ball went up and came down, although no one testified that he saw it go in either direction. They would so find because it is a law of nature that the fact proved produces the other results found. Now, it is a law of human nature, not as absolute and invariable as the physical law above named, but still a law, that a wife would not ordinarily, unless under restraint, request liquors to be sold to a husband who is an habitual drunkard. And especially is this so when she has so far manifested her disapprobation as to go to a saloon and forbid such sale. Plaintiff's husband was an habitual drunkard, and must have been known to defendant to be such. Plaintiff forbade the sale of liquors to her husband. A day or two thereafter she came to the saloon in company of her husband, and in his presence, as defendant claims, directed him to sell her husband all the liquor he wanted. The only reasonable inference from such conduct is that the act of plaintiff was under coercion or restraint. The jury had a right to find from the testimony that defendant drew the reasonable inferences from the facts which he knew, and hence that he had knowledge that plaintiff did not act voluntarily.

IV. It is urged that the verdict is excessive. We think not. Plaintiff's husband has become a confirmed drunkard, ·

has abandoned a lucrative business in which he was earning five dollars a day, and has squandered a valuable property. If the verdict had been larger we could not have disturbed it.

AFFIRMED.