HITCHNER v. EHLERS ET AL.

1. **Intoxicating Liquors:** PROXIMATE DAMAGES. Where the injury resulting from the sale of intoxicating liquors proceeds not from a particular act of intoxication but rather from a general besotted condition, those who may have contributed to such condition by the sale of the liquors are not jointly liable with those who may have contributed to the immediate act.

*Appeal from Benton District Court.*

WEDNESDAY, SEPTEMBER 20.

THE plaintiff recovered a joint judgment for two thousand dollars against the defendants, Hans Ehlers and three others, for injuries alleged to have been sustained by her by reason

of the intoxication of her husband produced by the defendants. Defendants appeal.

*St. Clair & Nichols* and *Stivers & Safely*, for appellants.

*Struble & Goodrich* and *Shane & Cooper*, for appellee.

ADAMS, J.—The evidence shows that the plaintiff's husband intentionally took his own life by shooting himself. Among other injuries to her means of support she claims the right to recover for that occasioned by the suicide.

The evidence tends to show the following facts: That on the evening on which the suicide was committed Hitchner was intoxicated; that the intoxication was contributed to by one or more of the defendants, but not by all of them; that the suicide was not so much the result of the particular intoxication in which it was committed, as of a state of mind which originated anterior to the said intoxication, and was the result of his blasted prospects, his loss of self-respect and the alienation of his family and friends; all of which was occasioned, however, by his drunken habits, to which all the defendants had contributed.

The defendants asked the following instruction: "The plaintiff sues the defendants jointly for damages alleged to be the result of sales by them to her husband in his lifetime of intoxicating liquors. In order to recover a joint judgment against any two or more of the defendants, it is necessary that the plaintiff show by a preponderance of testimony that each defendant against whom the joint judgment is sought contributed to the making of said deceased intoxicated; that is, she must show that each sold him a portion of the liquors that made him intoxicated, at a particular time or times."

The court refused to instruct as asked, and instructed the jury that if they "believed from the evidence that the suicide was the direct and proximate result of Hitchner's besotted and drunken condition, then the persons selling him the liquor which produced the intoxication are liable for the injury, if any, to the plaintiff's means of support."

We have no doubt that, if the suicide was the proximate result of the particular intoxication in which it was committed, all persons who contributed to it by selling Hitchner intoxicating liquor are jointly liable to the plaintiff for such injury as she sustained thereby in her means of support. But if the suicide resulted not alone from that particular intoxication, but from a besotted condition (by which we must understand a condition produced by his previous habits), those contributing to the besotted condition, and not to the immediate intoxication, would, we think, not be jointly liable with those who did contribute to such intoxication. It was held in *La France v. Krayer et al.*, 42 Iowa, 143, that a joint action does not lie where the alleged sales covered a considerable period of time.

In this case it is true the court instructed the jury that only those persons would be liable who sold the liquor which produced "the intoxication" It is not clear whether by "the intoxication" was meant merely the immediate intoxication in which the suicide was committed, or the intoxication which produced the besotted as well as drunken condition. On this point the instruction asked by the defendants was clear, and expressed substantially the rule held in *La France v. Krayer et al.* We think that the defendants were entitled to have it given.

REVERSED.