## ENNIS v. SHILEY ET AL.

1. **Intoxicating Liquors:** FORMER RECOVERY: PLEADING. The fact that the wife has recovered damages for injury to her means of support, by the sale of intoxicating liquors, cannot be pleaded in mitigation in another action for the same cause. The fact may be introduced, not in mitigation, but to show more accurately the damages for which defendant was liable.

2. ——: ———: ———. Nor does such fact constitute a defense to another action, for although the sale by defendant may have in part caused the same habitual intoxication for which the former recovery was had, yet each party selling was liable only to the extent of the wrong caused by him.

*Appeal from Harrison Circuit Court.*

SATURDAY, DECEMBER 15.

The plaintiff avers in her petition, in substance, that she is a married woman, and the wife of one John Ennis, and has been for the last eighteen years; that said John Ennis has become addicted to the habitual use of intoxicating liquors, which were sold to him by the defendants during the five years last past; that in consequence thereof he has squandered his property, and become weakened and debilitated in body and mind, and incapable of earning money. The defendants filed an answer consisting of two counts. In the first they alleged, in substance, by way of mitigation of damages, that at the time

of the commencement of this action the plaintiff commenced a similar action against David Williams and Erastus Nelson claiming of them the sum of $5,000 damages for selling her husband intoxicating liquors, and causing him to be habitually intoxicated for two years last past, before the commencement of the suit, and that by way of settlement of said suit the said Williams and Nelson paid plaintiff the sum of $400, which plaintiff received in full accord and satisfaction for all damages claimed on her alleged cause of action, as stated in her petition.

In the second count they set up the same facts by way of complete defense, and aver that the alleged cause of action as stated in the petition of plaintiff in this case, and the alleged cause of action as stated in the petition against said Williams and Nelson are identical, and constitute but one injury, to-wit: the selling of intoxicating liquors to, and thereby causing the habitual intoxication of, the husband of the plaintiff for the period of two years next before the commencement of said actions, by means of which the plaintiff claims to be injured in her means of support.

To both counts of the defendant's answer the plaintiff demurred, and the demurrer was overruled. The plaintiff standing on her demurrer judgment was rendered for the defendants. Plaintiff appeals.

*Hart & Cochran*, for appellant.

*W. S. Shoemaker* and *L. Brown*, for appellee.

Adams J.—I. The facts set up in the first division of the answer were not proper as a defense. They might, it is true, be shown in evidence. But they were proper to be shown, not in mitigation of damages, but to enable the jury to determine more accurately for what damages the defendants were liable. See opinion on rehearing in *Engleken v. Webber*, p. 558, *post*. The demurrer, therefore, should have been sustained.

II. The demurrer to the second division we think should

<span style="font-variant: small-caps;">1. intoxica-<br>ting liquors:<br>former recov-<br>ery: plead-<br>ing.</span>

also have been sustained.   It is true that the defendants allege that the injury caused by Williams and Nelson, and for which the plaintiff was paid by them, was the same injury for which this action was brought.   The demurrer, of course, admits the truth of the allegation.   The injury complained of is the habitual intoxication of the plaintiff's husband.   The demurrer admits that the liquor sold by Williams and Nelson caused the habitual intoxication of the plaintiff's husband, and that the liquor sold by these defendants caused the same habitual intoxication; or, in other words, the habitual intoxication of the plaintiff's husband was caused by Williams and Nelson, and these defendants.   Such being the fact, it is contended by the appellee that plaintiff discharged the defendants in receiving payment from Williams and Nelson.

It is urged that the matter of habitual intoxication is an entirety, and that whoever contributes to it should be held responsible for all the damages resulting to plaintiff therefrom, on the same principle that each person who contributes to a particular intoxication is held responsible for all the damages resulting from it, although the persons so contributing do not act in concert.   We may concede that it is not easy upon principle to make a sharp distinction between the two cases.   Yet, no one will deny that there is very considerable difference.   If the plaintiff's husband became addicted to habitual drunkenness, the habit was acquired by drinking one glass of liquor at a time; each glass contributed to the habit.   Yet, to hold a person who sold him a single glass responsible for all the damages resulting from his habitual drunkenness would be a great hardship; it would shock every one's sense of justice, and violate well recognized legal principles.   *La France v. Krayer*, 42 Iowa, 143; *Jewett v. Wanshura*, 43 Iowa, 574; *Hitchner v. Ehlers*, 44 Iowa, 40.

He who contributes to an injury in such a case must be liable for all the damages, or part, or none.   That he is liable for some damages was expressly held in *Woolheather v. Risley*, 38 Iowa, 486.   If he cannot be made liable for the whole, he must then be liable for a part.   What portion of the damages should be paid by each person contributing to the injury can-

not, of course, be determined with mathematical precision. The law does not attempt to do absolute justice in all cases. The difficulty of apportioning the damages, however great, cannot be regarded as insurmountable. While, therefore, said Williams and Nelson caused the same habitual intoxication caused by the defendants, they were liable only for a part of the damages, and they will be presumed to have settled only for their liability. It is true that the defendants aver that the alleged cause of action as stated in the petition of the plaintiff herein, and the alleged cause of action as stated in the petition against Williams and Nelson are identical, and constitute but one injury, to-wit: the selling of intoxicating liquors to, and thereby causing the habitual intoxication of, the plaintiff's husband. But it is not averred that they jointly sold the same liquor. The averment means simply that said Williams and Nelson and the defendants contributed by selling liquor to plaintiff's husband to cause his habitual intoxication. The causes of action therefore were identical only in that sense, and the settlement by Williams and Nelson did not, we think, discharge the defendants from their liability.

REVERSED.