JACKSON v. NOBLE.

1. **Intoxicating Liquors:** DAMAGES: EVIDENCE.   In an action to recover damages for the sale of intoxicating liquors to the plaintiff's husband, to render evidence of recoveries from other parties admissible to reduce damages, it must be shown that such recoveries were for sales during the same time as that covered by the alleged sales by the defendant.

2. —: —: —.   Damages are only recoverable in such actions for injury to the person, property or means of support of the plaintiff, and not for her wounded feelings or disgrace, and evidence to show her loss of social standing by reason of her husband's habits is inadmissible.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 21.

THIS is an action in which the plaintiff seeks to recover damages of the defendant for unlawfully selling intoxicating liquors to plaintiff's husband, by reason of which he became an habitual drunkard, to the injury of plaintiff in her person, property and means of support.   There was an answer denying that defendant at any time sold plaintiff's husband liquor of any kind.   There was a trial by jury and a verdict and judgment for the plaintiff.   Defendant appeals.

*Henderson, Merriman & Carney*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I.   The defendant sought to prove that the plaintiff had instituted a number of suits against other parties for damages for the unlawful sale of intoxicating liquors to her husband, which suits had been settled.   The court sustained objections to this testimony.   These rulings are assigned as error.

1. INTOXICATING liquors: damages: evidence.

We have carefully examined the abstract of appellants, and find that it does not affirmatively appear that the alleged sales in the other suits were made during the same time as

the sales alleged to have been made by defendant. This is sufficient to sustain the ruling of the court below. In order that the defendant may show that he was only liable for part of the injuries complained of, he should prove that the plaintiff received compensation in the other suits for sales made during the same time he was charged with making unlawful sales. *Ennis v. Shiley*, 47 Iowa, 552; *Engleken v. Webber*, Id., 558. It is also questionable whether if the defendant desired to introduce such partial defense he should not have set it up in his answer.

II. The plaintiff and her husband removed from Cedar Rapids to Marshalltown in 1874. This action was commenced in 1878, and the alleged cause of action arose by the sale of intoxicating liquors at the latter place for two years next preceding the commencement of the action. N. M. Hubbard, a witness for the plaintiff, and a resident of Cedar Rapids, was asked this question: "State to the jury in what circle of society Mrs. Jackson moved in Cedar Rapids; what kind of people they were?" The question was objected to, the objection was overruled, and among other things the witness stated in substance that the plaintiff and her husband were as well dressed, and well behaved people as there were in Cedar Rapids, and moved in as good society as there was there, and that the plaintiff had the respect and confidence of everybody as long as she lived there.

This evidence was not admissible, and should have been excluded. The plaintiff in actions of this character is entitled to recover for injuries to her person, property and means of support. Damages are not allowed on account of wounded feelings or disgrace. *Kearney v. Fitzgerald*, 43 Iowa, 580. If by her husband's unfortunate habits the plaintiff suffered in her standing in society, while it may have been humiliating, yet it could not be made the foundation of a claim to enhance the damages. It was doubtless competent to show the occupation and business capacity of the husband, and the

manner in which he supported the plaintiff while residing at Cedar Rapids, as showing what she was afterward deprived of in her property or means of support by reason of his drunkenness; but her standing in society and her wounded feelings by reason of the change consequent upon her husband's habits is quite another consideration.

As the cause must be reversed for this ruling of the court, it is unnecessary to examine the other alleged errors. They are not such as will likely occur on a retrial.

REVERSED.