RICHMOND v. SHICKLER ET AL.

1. **Intoxicating Liquors:** ACTION FOR DAMAGES: JOINT AND SEVERAL LIABILITY. Under the pleadings and evidence in this case, an instruction that if defendant sold beer to plaintiff's husband, which with beer sold him by others produced "fits of intoxication," he was liable for all the damage caused thereby, was erroneous. The persons furnishing the liquor were not joint wrong-doers, but each was severally liable for the damage caused by his own acts.

2. ——: ——: LICENSE: SURETY ON BOND. Where the defendant was licensed by an incorporated town to sell ale, wine and beer, and gave a bond with surety to pay any damage any person might sustain by reason of his sale of beer or liquor, the surety would be liable thereunder for all damages recoverable, whether compensatory or exemplary, not exceeding the amount of the bond.

*Appeal from Marshall District Court.*

SATURDAY, DECEMBER 17.

ACTION by a wife to recover damages caused by sales of wine, beer and ale, to her husband, whereby she was injured in

her person and means of support.   Judgment was rendered on the verdict for the plaintiff and defendant appeals.

*James Allison* and *O. Caswell*, for appellants.

*P. M. Sutton* and *A. P. Lowery*, for appellee.

SEEVERS, J.—It is stated in the petition that the defendant Shickler, sold plaintiff's husband "wine, beer and ale, from

1. INTOXI-CATING liquors: action for damages : joint and several liability.

time to time" for the period of two years last past, "causing the oft and repeated intoxication" of her said husband.   The evidence tended to support the allegations of the petition and also to show that during said time the plaintiff's husband procured intoxicating liquors of other persons which contributed to produce the intoxication of which the plaintiff complains.   The court instructed the jury as follows:

"6.   If, therefore, under the instructions above given, you find the plaintiff·entitled to recover damages against the defendant, it will not be necessary for her to show that the defendant sold to her husband all the beer which he used, and which might produce his intoxication.   If the defendant sold beer to Richmond, which together with other beer sold him by others, produced his intoxication, and the plaintiff was injured thereby, she will be entitled to recover from the defendant the whole damage caused by such fits of intoxication as he aided to produce.   But if she has sustained damage from the intoxication of her husband, which intoxication was caused by beer purchased wholly of others than the defendant, then she will not be entitled to recover for such damage."

It was held in *Woolheather v. Risley*, 38 Iowa, 486, when intoxicating liquors were procured of different persons, during the same period of time, a recovery could be had of any one of such persons who contributed to the intoxication produced by the liquors so furnished.   It was not determined in that case that one of such persons was liable for the whole damages

caused by the intoxication to which several persons contrib-
uted.   In *Ennis v. Shiley*, 47 Iowa, 552, and in *Engleken v.
Webber*, Id., 558, it was held that whoever contributes to the
habit of intoxication is only liable for the damages caused by
his own acts.

In *Kearney v. Fitzgerald*, 43 Iowa, 580, it was held that
whoever contributes to a single act of intoxication, whereby dis-
tinct damages are caused, is a joint wrong-doer and is liable for
the whole damages.   See also *La France v. Krayer*, 42 Iowa,
143; *Jewett v. Wanshura*, 43 Id., 574, and *Hitchner v. Ehlers*,
44 Iowa, 40.

The instruction under consideration directs the jury that if
the defendant sold the plaintiff's husband beer which caused
"fits of intoxication," to which others contributed, he was liable
for all the damages caused thereby.   By the use of the words
'fits of intoxication," the court no doubt meant repeated or
different acts of that character.   It may be when several differ-
ent persons contribute to distinct acts of intoxication they
would be joint wrong-doers and each would be liable for the
whole damages.   But as no such case is presented by the rec-
ord before us, such question is not determined.

The correctness of the instruction must be determined by
reference to the allegations of the petition and evidence intro-
duced on the trial.   The petition does not allege there was any
specific act or acts of intoxication to which *all* the persons
from whom the plaintiff's husband obtained liquor contributed,
and the evidence tended to show he was in the habit of becom-
ing intoxicated for the period of seventeen years preceding
the trial, and that during the period named in the petition he
procured liquor from any person who would let him have it.
Under such circumstances the persons furnishing the liquor
cannot be deemed joint wrong-doers, but each are severally lia-
ble for the damages caused by his own acts.   The instructions
under consideration was therefore erroneous.

II.   The defendant Shickler was licensed by the incorpora-

Richmond v. Shickler.

ted town of State Center to sell wine, beer and ale. Before he could obtain such license he was required and he gave a bond 2. ——: ——: with the defendant Bader as his surety, which was license: surety on conditioned among other things that defendants bond. would "pay any damage any person may sustain, or which may result from the drinking of any wine or beer, or any liquor got or procured at his saloon or place of business." The court instructed the jury that both defendants were liable under the statute for exemplary damages. This is said to be erroneous as to the defendant Bader. But we think Bader is liable under the conditions of the bond for any and all damages the plaintiff is entitled to recover not exceeding the penalty of the bond.

On its face the bond is unlimited as to time and there was no evidence introduced on the *trial* tending to show for what period of time the license was issued. The appellants insist that all or some of the acts of intoxication, for which damages are claimed, were caused either before the bond was given or after all liability thereunder had ceased. We are unable to say in the state of the record that the court erred in giving the instruction aforesaid.

III. We are not entirely agreed as to whether the declarations of Hall were admissible, but as the plaintiff can obviate the objection on the re-trial by asking Hall whether he made such declaration, we deem it best not to determine the question presented at this time. There are other errors discussed by counsel but as they will not likely arise on the re-trial it is not deemed necessary to determine them.

REVERSED.