## ARNOLD v. BARKALOW ET AL.

1. **Intoxicating Liquors:** SALES TO HUSBAND: ACTION BY WIFE: INSTRUCTION: TIME. In an action by a wife for the intoxication of her husband by liquors sold to him from February 1 to September 1, an instruction that plaintiff might recover for injuries suffered by reason of sales made between those dates could not have prejudiced defendant, although there was no claim made on the trial for sales made earlier than the middle of March.

2. ——: ——: ——: ——: CONTRIBUTING TO HABITUAL INTOXICATION. In such case the court instructed the jury, in substance, that they might render a verdict for plaintiff if they found that the injury was in consequence of the intoxication of her husband, habitual or other-

wise, and that such intoxication was occasioned or contributed to by defendant. *Held* that the instruction, properly interpreted, meant that defendant was liable, if he contributed to actual fits of intoxication as the direct result of the liquor sold by him in part, even if the intoxication had become habitual; and that, so considered, it was correct. (Compare *Cox v. Newkirk, ante*, p. 42.)

3. ——: ———: ———: KNOWLEDGE OF LESSOR: LIEN FOR PART OF JUDGMENT. In such case, where it is sought to have the judgment against the liquor-seller made a lien on the saloon property leased by him, the lessor cannot have the judgment divided, and a part of it only made a lien, on the ground that he did not know of the wrongful sales until some time after they had begun.

4. **Appeal**: PRACTICE: NO ERROR ASSIGNED. An alleged error which has not been assigned will not be considered, though insisted on in argument.

*Appeal from Tama District Court.*

WEDNESDAY, OCTOBER 26.

THIS action was brought by Nellie E. Arnold to recover for injuries alleged to have been sustained by her by reason of the intoxication of her husband by liquor sold him by the defendant D. G. Barkalow. The defendant Fred Shoel is made a party, as the owner of the building in which the liquor was sold. There was a trial to a jury, and verdict and judgment were rendered against the defendant Barkalow, and the judgment was by the court made a lien upon the premises. Shoel, the landlord, appeals.

*Stivers & Louthan*, for appellant.

*E. H. Benedict* and *Brown & Carney*, for appellee.

ADAMS, CH. J.—I. The plaintiff claimed in her petition for injuries sustained by sales made from February 1 to September 1, 1885. The court by its instruction directed the jury that they might render a verdict for the plaintiff if they found that she was injured as alleged by sales made between the dates above mentioned. The appellant Shoel assigns as error the giving of this instruction. It is said by him that there was no claim made upon the trial for sales made earlier than

*I. INTOXICATING liquors: sales to husband: action by wife: instruction: time.*

Arnold v. Barkalow et al.

the middle of March. It may be conceded that this is so. It is still true that the sales claimed for were made between the 1st of February and the 1st of September, as stated in the petition, and we do not see that the appellant suffered any prejudice by the instruction. The verdict could not have been different, under the evidence, if the time, as expressed in the instruction, had been more limited. It is quite different from what it would have been if the jury had been instructed that they might, in the absence of evidence, render a verdict for sales made prior to the middle of March.

II. The court instructed the jury, in substance, that they might render a verdict for the plaintiff if they found that the injury was in consequence of the intoxication of her husband, habitual or otherwise, and that such intoxication was occasioned or contributed to by the defendant Barkalow. The appellant's position is that the defendant Barkalow would not be liable if he merely contributed to the habitual intoxication of the plaintiff's husband. It may be conceded that this would be so, if the court meant, by contributing to habitual intoxication, contributing to the habit of drinking without intoxication, but leading to other drinking which resulted in intoxication. But in our opinion the instruction could not properly be so understood. We think that the court intended to be understood as holding that Barkalow was liable if he contributed to actual specific fits of intoxication as the direct result of liquor sold by him in part, and that, too, even if the intoxication had become habitual. So understanding the instruction, we have to say that we think that it is correct. In support of this ruling, see *Cox v. Newkirk, ante,* 42.

*2. ——: ——: contributing to habitual intoxication.*

III. It is not shown that the appellant had knowledge of the sales earlier than July. He accordingly asked an instruction to the effect that his building did not become liable by reason of sales made before that time. The court refused to so instruct, and the appellant assigns the ruling as error. It was not for the

*3. ——: ——: knowledge of lessor: lien for part of judgment.*

jury to charge the building at all, nor to render any verdict for money against the appellant, nor did they attempt to do so. They might, if they had been instructed to divide their verdict, have found separately Barkalow's liability for sales made after they had become known to the appellant. But no instruction was asked by the appellant to that effect, nor did he request that any special interrogatory be submitted. Besides, we have to say that we do not think that the statute contemplates that a judgment like the one in question may be split up, and a part only charged as a lien. Now, the right to the lien exists by statute solely; the same being given upon the ground that the landlord has furnished the liquor seller, in part, the means of committing the injury.

IV. The jury found that the appellant had knowledge and assented to the use of the premises in question for the unlawful sales of intoxicating liquors. The appellant insists, in argument, that this verdict was insufficient to justify the court in charging the judgment as a lien upon the premises. No error appears to be assigned upon this point, and we cannot consider it.

4. APPEAL: practice: no errors assigned.

We think that the judgment must be

AFFIRMED.