## ADEL LEAGUE v. CLAUS EHMKE, Appellant.

**Intoxicating Liquor:** CIVIL DAMAGES: BURDEN OF PROOF. In an
1   action by the wife for damages for the sale of liquor to her husband, where the seller relies as a defense on a compliance with the mulct law, he has the burden of alleging and proving such compliance.

**Defense of Lawful Sale:** SUBMISSION OF: WHEN NOT REQUIRED.
2   In an action for damages for the sale of liquor, where there is no evidence that defendant was lawfully selling under the mulct law, the court is not required to submit a defense made only by the pleadings, that defendant was operating under the law.

Intoxication: HABIT OF DRINKING: INSTRUCTION. In an action under Code, section 2418, an instruction that if defendant caused or contributed to the habitual intoxication of plaintiff's husband, and by reason thereof plaintiff was injured  *  *  * she is entitled to recover, but if defendant merely contributed to the habit of drinking, without intoxication, but leading to the habit which resulted in intoxication, she could not recover, is proper, and recognizes the distinction between causing a habit and causing intoxication.

Habitual Intoxication: ALLEGATIONS: INSTRUCTION. An instruction authorizing recovery of damages by the wife, caused by the husband's habitual intoxication to which defendant contributed, is not erroneous, as being broader than the allegations of a petition charging that defendant caused the habitual intoxication of plaintiff's husband.

Sale to Habitual Drunkard: LIABILITY FOR. In an action for injury caused by the sale of liquor to a habitual drunkard, an instruction that if defendant caused or contributed to the continuance of the habit of becoming intoxicated, or being habitually intoxicated he is liable so far as his acts contributed thereto, is correct.

Damages: THREATS RESULTING FROM INTOXICATION: INSTRUCTION. In an action by the wife for damages for the sale of liquor to the husband, an instruction that if defendant contributed to the husband's habitual intoxication of which the particular intoxication at the time he threatened plaintiff with bodily injury was a part, they might consider injury to plaintiff's health resulting from such threats in estimating her damages, was not error.

Prior Intoxication: ADMISSIBILITY OF EVIDENCE. In an action by the wife for the sale of liquor to the husband, evidence of the extent of the husband's drinking at a time long prior to that covered by the action is immaterial.

Evidence: GENERAL CONDUCT: NON EXPERT TESTIMONY. Evidence of the general conduct of plaintiff's husband during the period covered by the action, and an opinion as to intoxication by a nonexpert who details the facts, are properly admissible.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

MONDAY, MAY 18, 1903,

ACTION by a married woman to recover damages, both actual and exemplary, on account of injuries received by reason of the sale of intoxicating liquors by defendant to her husband. Verdict for plaintiff; and from judgment thereon, defendant appeals.—*Affirmed.*

*A. L. Preston* for appellant.

*Willard & Willard* and *T. S. Lewis* for appellee.

McCLAIN, J.—In presenting the issues to the jury the trial court did not instruct with reference to a defense interposed in the answer that defendant, at the time of the alleged sales to plaintiff's husband, was carrying on the business of selling liquor under the provisions of the mulct law, and the failure to present this defense to the jury is assigned as error. The civil liability provisions of the intoxicating liquor law were first enacted in 1862 as chapter 47, page 50, of the Acts of the Ninth General Assembly, and remained unchanged until the adoption of the present Code in 1897, being section 1557 of the Code of 1873. The commissioners who reported the present Code to the legislature made no modification in the section, save by way of the elimination of tautology, except to insert the provision as to giving, so that, as the section was reported, one who should give liquor to another, as well as one who should sell, would be liable in civil damages for injuries resulting therefrom. In adopting the Code, however, the legislature inserted the words "contrary to the provisions of this chapter," in the section as reported by the Code Commission, and as now found in section 2418 of the present Code. It is to be borne in mind that the so-called "mulct law," now embodied in sections 2432-2455 of the Code, was first enacted in 1894, as chapter 62, page 63, of the Acts of the Twenty Fifth General Assembly. In the case of *Carrier v. Bernstein*, 104 Iowa, 572, it was held that compliance with the mulct law on the part

of the seller of intoxicating liquor did not relieve him from civil liability for injuries to a wife in her means of support by reason of sale of liquors to her husband; the reason assigned being that if defendant, as alleged in the petition in that case, sold intoxicating liquor to plaintiff's husband, "causing him to become intoxicated, idle, profligate, and neglectful of his business, and so as to impair him in body and mind, and to render him unable to obtain remunerative employment, to the damage of plaintiff," he violated the conditions of the mulct law, and the fact that he was conducting his business in general under the mulct law would not constitute a defense. But this decision was made prior to the adoption of the present Code, and the change in the language of the civil liability section, to which we have already referred; and counsel for defendant now contends that the insertion by the legislature in the civil liability section of the words already quoted obviated the effect of this decision, so that one who complies with the provisions of the mulct law, as it is now in force, and does not sell to a minor, drunkard, or intoxicated person, or knowingly to any person who has taken any of the so-called "cures" for drunkenness (see Code, section 2448, paragraph 10), is not civilly liable for any

*1. CIVIL damages: burden of proof.* injury resulting to the wife of a person to whom such sales are made. But the difficulty with this argument, as applied to the present case, is that it does not appear that defendant was complying with the mulct law at the time of the sales made to plaintiff's husband. The seller who relies on compliance with the mulct law as a defense against any liability under the general provisions of the statute which prohibit the selling of liquors for use as a beverage has the burden of alleging and proving full and complete compliance with the conditions imposed by the mulct law. *Ritchie v. Zalesky*, 98 Iowa, 589; *State v. Van Vliet*, 92 Iowa, 476; *State v. Donahue*, 120 Iowa, 154.

In the present case defendant pleaded compliance with the mulct law as an affirmative defense, but by operation of law such allegations were denied without the

2. DEFENSE of lawful sale: submission of: when not required.

filing of a reply by the plaintiff (Code, sections 3576, 3622, 3648), and therefore the burden of proving compliance with the mulct law was upon the defendant. There was no evidence introduced by defendant of such compliance, except the general statement by him in his testimony as a witness that he was operating under the mulct law. But even if he was operating under the mulct law, the sale of liquor by him to plaintiff's husband would be unlawful, if not made in such place and in such manner and to such person as the mulct law authorizes. The defendant did not attempt to testify as a witness, nor is there any testimony to show that the provisions of the mulct law as to the place and manner of sale, and the person to whom sales were made, were such as were authorized. The court did not err, therefore, in failing to submit to the jury the question whether the sales of liquor to plaintiff's husband were lawful.

Complaint is made of an instruction in which the jury were told that if defendant caused or contributed to the habitual intoxication of plaintiff's husband, and that by

3. INTOXICATION: habit of drinking: instruction.

reason thereof the plaintiff was injured in her means of support, defendant would be liable for actual and exemplary damages thereby occasioned, while if the evidence merely showed that defendant contributed to the habit of drinking on the part of plaintiff's husband without intoxication, but leading to the habit of drinking, which resulted in the intoxication, then the defendant would not be liable. It is urged that to cause or contribute to an habitual condition of intoxication does not give rise to any liability, but we think this view is erroneous. The section of the Code already referred to as furnishing the basis for this action

expressly provides that a wife who shall be injured in her means of support in consequence of the intoxication of her husband, habitual or otherwise, caused by the defendant, shall have a right of recovery.  It is plain that her action is not limited to the recovery of damages resulting from habitual intoxication.  The distinction made in the cases to which counsel for appellant refers is between causing or contributing to a habit of drinking, which ulti- mately results in an habitual intoxication not directly caused by liquor sold by the defendant, and the causing of such habitual intoxication itself.     *Ennis v. Shiley*, 47 Iowa, 552;  *Cox v. Newkirk*, 73 Iowa, 42; *Arnold v. Barkalow*, 73 Iowa, 183.     This distinction was clearly presented to the jury in the instructions given in this case.

As to the claim that the instruction is broader than the allegations of the petition, in that it allows recovery by plaintiff for damages caused by habitual intoxication **4. HABITUAL** to which defendant contributed, while the **intoxication:** **allegations:** petition alleges only that defendant caused **instruction.** habitual intoxication, it is sufficient to say that it is without merit.  One who contributes to an injury in such a way as to render himself liable therefor to that extent causes the injury complained of.  That the liquor seller, who by sales of liquor contributes to such an injury, is liable therefor to the extent to which his sales caused the injuries, is well settled.     *Woolheather v. Risley*, 38 Iowa, 486;  *Ennis v. Shiley*, 47 Iowa, 552;  *Welch v. Jug- enheimer*, 56 Iowa, 11.

Complaint is made of an instruction as to the meas- ure of damages, and it is urged that plaintiff was not entitled to recover if, prior to the sale of liquor to her **5. SALE to** husband by defendant, he was already in a **habitual** **drunkard:** condition of habitual intoxication, and on **liability for.** that account was not furnishing her any sup- port whatever.  It may be true that if, from other causes

than his habitual intoxication, he was not furnishing plaintiff any support, a subsequent condition of habitual intoxication, caused by defendant, would not entitle her to recover in general the support from her husband to which she was entitled. *Bellison v. Apland*, 115 Iowa, 599. But if the prior failure to furnish support was due to habitual intoxication, and this condition was caused to continue by sales of liquor by defendant, then plaintiff is entitled to recover. A condition of habitual intoxication does not continue without such continuance is caused or contributed to by further sales of liquor; and if the only reason why plaintiff's husband did not furnish her support was a condition of habitual intoxication, then plaintiff may recover the damages resulting from the continuance of this condition by reason of defendant's acts. And this is what the jury were told by the instructions. It appears that until plaintiff's husband formed the habit of becoming intoxicated he provided fully and satisfactorily for the support of his wife, and the jury were justified in finding that he would have done so during the time covered by this action, had not this habit of intoxication been continued by reason of the sales to him of intoxicating liquor. Therefore, if defendant caused or contributed to the continuance of the habit of becoming intoxicated, or being habitually intoxicated, he is liable so far as his acts caused or contributed to the injury. *Woolheather v. Risley*, 38 Iowa, 486; *Huff v. Aultman*, 69 Iowa, 71. If the defendant claimed that other causes than that of habitual intoxication had interfered with the ability of plaintiff's husband to support her, he could have had the jury's attention specially directed to such matters by an additional instruction, had he asked it, but no such instruction was asked.

Another assignment of error is based on an instruction allowing the jury to take into consideration, in measuring plaintiff's damages, injury to plaintiff's health resulting from threats of great bodily injury made to her, or in her

presence to their children, by her husband while in an
intoxicated condition. It is urged that, in
the absence of evidence that the particular
fit of intoxication during which, these
threats were made was caused or contributed to by de-
fendant, then defendant would not be liable for this
injury. But under the instruction given the jury was not
to take into account this element of damage unless it
should find that defendant contributed to a state of habit-
ual intoxication of which the particular intoxication at
the time was a part. We think there was no error in
this portion of the charge. If a state of habitual intoxi-
cation existed, caused or contributed to by defendant,
then certainly acts of violence on the part of plaintiff's
husband, due to such habitual intoxication, and resulting
from a particular fit of intoxication, which was a part of
it, would be chargeable to defendant, to the extent to
which he had contributed to such habitual condition. It
would not do to say that defendant could cause or contrib-
ute to a condition of habitual intoxication, and at the
same time escape any liability for the specific acts at a
particular time caused thereby, merely because the fit of
intoxication during which the acts were done was the im-
mediate result of liquor procured from some other person.

. We need not discuss at length other assignments, such
as that the verdict was without support in the evidence,
that the damages allowed were excessive, and that the
verdict was the result of passion and prejudice. An ex-
amination of the record does not sustain these assignments.
As to an assignment of alleged error in admitting testi-
mony as to the extent of the husband's drinking at a time
long prior to the period covered by this
action, it is sufficient to say that the objection
sustained on the ground that such evidence
was irrelevant and immaterial, was well taken. It does
not follow, because the husband was a hard drinker at a

*(margin notes: 6. DAMAGES: threats resulting from intoxication: instruction. 7. PRIOR intoxication: admissibility of evidence of.)*

previous time, that he would have continued to be a hard drinker at the time covered by this action if defendant had not sold him liquor. And as already pointed out, the fact that by reason of habitual intoxication he had failed in former years to furnish proper support to the plaintiff would not defeat recovery by plaintiff for his failure to furnish support by reason of habitual intoxication induced by defendant's sales.

Objections to questions propounded to witnesses for plaintiff as to the general condition of plaintiff's husband with reference to intoxication during the period covered by this action, and as to threats of personal violence towards his children in the presence of plaintiff, were properly overruled. An opinion as to an intoxicated condition may be given by one not an expert who details the facts, and, as already indicated, violent conduct resulting from habitual intoxication, so far as it was likely to affect the plaintiff, might properly be shown.

8. EVIDENCE: general conduct: non-expert testimony.

We have considered all the material assignments of error, and, finding them to be without merit, the judgment of the trial court is AFFIRMED.