## MEYERS v. KIRT ET AL.

1. **Intoxicating Liquors**: UNLAWFUL SALE: CHARGE UPON THE PREM-
ISES: CONSENT OF OWNER. In order to charge the premises with the
lien of a judgment for damages resulting from the unlawful sale of in-
toxicating liquors thereon, it is necessary to show that the owner of the
premises had knowledge of such unlawful use of the same, and also
that he consented thereto.

*Appeal from Buchanan Circuit Court.*

### THURSDAY, DECEMBER, 15.

ACTION for damages alleged to have been sustained by the
plaintiff by reason of the sale of beer to her husband by the
defendant Kirt. Reckermire was made defendant, as being
the owner of the premises upon which the beer is alleged to
have been sold. The defendants, for answer, denied all the al-
legations of the petition. There was a trial by jury and ver-
dict and judgment were rendered against both defendants.
The defendant Reckermire appeals.

*Woodward & Cook*, for appellant.

*D. W. Bruckhart*, for appellee.

ADAMS, CH. J.—A right of action accrues to the wife who
sustains injury, in property or person, by reason of the sale
to her husband of intoxicating liquors, which
cause him to become intoxicated. Code, section
1557. Intoxicating liquors mean alcohol, and all
spirituous and vinous liquors. Code, section 1555.
To these must be added beer, when sold to a person intoxi-
cated, or in the habit of becoming intoxicated. *Jewett v.
Wanshura*, 43 Iowa, 574. The evidence in this case shows
pretty clearly that the defendant Kirt sold to the plaintiff's
husband beer, when he was in the habit of becoming intoxi-
cated. The validity of the judgment against Kirt is not ques-
tioned.

But the court charged the premises where the beer was sold
with the lien of the judgment. The defendant Reckermire,

Meyers v. Kirt.

who is the owner of the premises, complains of the action of the court in this respect. He moved to set aside the verdict as against him, and grant him a new trial on the ground of the insufficiency of the evidence to sustain the verdict as against him. The court refused so to do, and he assigns error on such refusal. The assignment is in the words: "The court erred in refusing, to set aside the verdict, and in not granting him a new trial for the reason that there was no evidence to show that the defendant Reckermire had any knowledge of, or assented to, the unlawful act, if any, on account of which the judgment was rendered."

It was necessary for the plaintiff to show both knowledge, on the part of Reckermire, of the unlawful use of the premises, and consent by him thereto. Code, section 1558. The most that the evidence shows in this case is, that Reckermire was present at one time in Kirt's saloon, with others, when the plaintiff's husband purchased and drank in the saloon a glass of beer. It is not shown that Reckermire saw him do so, or that his attention was called to the fact afterward. But conceding that there was enough to prove knowledge on the part of Reckermire, it was not sufficient to prove his consent. The burden was upon the plaintiff to prove both. The mere fact that Reckermire had knowledge that the plaintiff's husband purchased and drank the glass of beer, if such was the fact, had no tendency to show that he consented to the sale. That should have been shown by something which he said or did, or by something which he omitted to say or do, which he might reasonably have been expected to say or do, if he did not consent. As there was no evidence upon this point, we think that the verdict, as to him, should have been set aside.

The appellant filed an amended assignment of errors. The appellee moved to strike the same from the files, on the ground that it was filed too late. We have disposed of the case upon an assigned error embraced in the original assignment. This renders it unnecessary to pass upon the motion.

REVERSED.