## MYERS v. KIRT ET AL.

1. **Intoxicating Liquors:** UNLAWFUL SALE OF: LIABILITY OF LEASED PREMISES: SUFFICIENCY OF PETITION. The allegations of a petition in an action for damages for the unlawful sale of intoxicating liquors to plaintiff's husband, and to have the judgment made a lien upon the leased saloon-building, considered, (see opinion,) and *held* sufficient as against the lessor's motion in arrest of judgment.

2. ———: ———: ———: KNOWLEDGE OF OWNER. Before premises leased for the purpose of selling intoxicating liquors therein can be subjected to sale for the satisfaction of a fine or judgment, under § 1558 of the Code, it must be shown that the owner not only had knowledge of and consented to the sales complained of, but also that he had knowledge of the particular facts which made such sales unlawful. Accordingly, where it was shown that the owner of the premises knew of and consented to the sale of beer upon the premises to plaintiff's husband, who it appears was in the habit of becoming intoxicated, *held* that this alone was not sufficient to render the premises liable, but that it was necessary to show, further, that the owner knew that plaintiff's husband was in the habit of becoming intoxicated.

BECK, J., *dissenting*.

*Appeal from Buchanan Circuit Court.*

SATURDAY, JUNE 7.

PLAINTIFF brought this action to recover damages against defendant, Kirt, on account of sales by him to her husband of intoxicating liquors, which caused his intoxication, whereby she was injured, as she alleges, in her means of support. She alleges that the building in which such sales of intoxicating liquors were made was owned by the defendant, Reckermire, and that he leased the same to Kirt for the purpose of selling intoxicating liquors therein, and that he knew that the sales were made to her husband. She recovered a judgment against Kirt for $300, and, upon a trial of the issue between her and Reckermire, there was a verdict in her favor, and a jugdment thereon, establishing the judgment against Kirt as a lien on said premises. Defendant, Reckermire, appeals.

*Woodward & Cook,* for appellant.

*D. W. Bruckhart* and *Holman & Crawford,* for appellee.

REED, J.—I. Defendant filed a motion in arrest of judgment, on the ground that no cause of action as against him is stated in the petition, and assigns as error the

1. INTOXICA-TING liquors: unlawful sale of: liability of leased premises: sufficiency of petition.

overruling of this motion. We think the ruling was correct. It is alleged in the petition that defendant leased the building to Kirt for the purpose of being used as a saloon; that Kirt sold to plaintiff's husband beer, wine and whisky, in said building, which caused his intoxication; and that defendant, Reckermire, knew that he sold wine, beer and liquors in the premises, and also knew of said sale to plaintiff's husband.

We think these allegations are sufficient. It cannot be said that "the facts stated in the petition do not entitle the plaintiff to any relief whatever," which is the statutory ground for a motion in arrest of judgment. Code, § 2650. If plaintiff could establish that Kirt sold her husband whisky in the

building, and thereby caused his intoxication, and that defendant leased him the building for the purpose of carrying on the business of selling such liquor, and knew of the sales to her husband, she would clearly be entitled to have any judgment which she might secure against Kirt made a lien on the premises.

II. The evidence given on the trial tended to prove sales of beer by Kirt to plaintiff's husband on a number of occasions

2. ———:
——:——;
knowlege of
owner.

in the building in question, and that Reckermire was present on some of the occasions and knew of the sales, and on one or two occasions drank beer with Myers in the building. It also tended to show that Myers was in the habit of becoming intoxicated. But, while there was evidence that Myers and defendant had lived in the same neighborhood for one or two years, there was no positive evidence that the latter had ever seen Myers intoxicated, or that he had knowledge of his habit of becoming intoxicated. And there was no evidence of the sale by Kirt to Myers of any other kind of intoxicating liquor except beer; or that he kept any other kind or liquors for sale in the building. Nor was there any evidence of any other unlawful sales of beer in the building except those made to Myers. The circuit court gave the following instruction to the jury:

"To entitle the plaintiff to a verdict, she must establish by a preponderance of credible testimony that, during the two years prior to May 10th, 1880, the plaintiff's husband was in the habit of becoming intoxicated; that during said time said Kirt sold her said husband intoxicating liquors, which includes ale, wine or beer, causing his intoxication, and that defendant, Reckermire, had knowledge of and gave consent to sales of intoxioating liquors at said saloon by said Kirt to said William Myers during said period.

"If all of these alleged facts are proved by said preponderance of the evidence, then plaintiff is entitled to a verdict. But if there is a failure to establish any of said alleged facts, then defendant is entitled to a verdict."

Under this instruction, the jury were warranted in finding for plaintiff, if the evidence established the following facts: (1) that during the time named in the instruction plaintiff's husband was in the habit of becoming intoxicated; (2) that during said time Kirt sold him beer in said building which caused his intoxication; and (3) that defendant, Reckermire, had knowledge of and gave consent to such sales.

The remedy which plaintiff is seeking to enforce against the property is given by section 1558 of the Code, which is as follows: "For all fines and costs assessed or judgments rendered, of any kind, against any person, for any violation of the provisions of this chapter, the personal and real property, except the homestead as now provided by law, of such person, as well as the premises and property, personal or real, occupied and used for that purpose with the knowledge and consent of the owner thereof, or his agent, by the person manufacturing or selling intoxicating liquors contrary to the provisions of this chapter, shall be liable, and all such fines, costs or judgments shall be a lien on such real estate until paid."

Under this section, the premises in which the unlawful sales are made, if they belong to a person other than the one who makes the sales, are liable, when the owner has knowledge of and consents to the unlawful use to which they are put. This clearly is the effect of the section. The language—"the premises and property, personal and real, used for that purpose with the knowledge and consent of the owner thereof, by the person selling intoxicating liquors contrary to the provisions of this chapter, shall be liable," etc., is not fairly capable of any construction which would not include as an element of the liability of the property a knowledge by the owner of the unlawful use to which it is put, and a consent by him to that use. Section 1539 of the Code prohibits the sale of beer to minors and to intoxicated persons, and persons in the habit of becoming intoxicated; but, with these exceptions, the sale of beer is not forbidden by the statute. The sales, then, by Kirt to plaintiff's husband were unlawful by reason of his habit of becom-

Myers v. Kirt et al.

ing intoxicated. Except for that habit, such sales would have been perfectly lawful. To have had knowledge of and given his consent to the unlawful use of his property, the owner must not only have known that the sales were made therein, but he must also have known the particular fact or circumstance which rendered the sales unlawful. It cannot be said that the premises were occupied and used for that purpose with his knowledge and consent by the person selling intoxicating liquors contrary to law, unless he had knowledge of the fact which rendered the sales unlawful. But the instruction in question holds that the property would be liable, if Recker-mire knew simply of the fact of the sales therein, and gave his consent to such sales. Under it, the judgment against Kirt may be made a lien on the property, even though Reck-ermire had no knowledge that the sales were made in viola-tion of law, and never gave his consent to an unlawful use of his property. In this respect the instruction is erroneous, and the judgment of the circuit court must be

REVERSED.

BECK, J., *dissenting.*—I. Attention to the foregoing opinion discloses the fact that it is based upon the alleged error in the instruction quoted, which authorized the jury to find against Reckermire, without finding that he had knowl-edge that the plaintiff's husband was in the habit of becom-ing intoxicated.

The statute quoted in the opinion in, the plainest language, provides that premises occupied and used in violation of the law for the sale of liquors, with the knowledge and consent of the owner, are liable. It is not necessary under the stat-ute that the owner shall have knowledge or give assent to the particular act of violation of law for which judgment is ren-dered against the seller. If he knows of and assents to the occupancy and use of the premises for unlawful sales, they are liable. Knowledge of and assent to specific acts is not required to create liability; it is created by knowledge of and

assent to occupancy and use for the purpose of violating the law. The foregoing opinion so states the effect of the statute.

II.   Now, if Reckermire knew that Kirt occupied and used the premises for the purpose of violating the law, the property is liable. If he knew that Kirt sold liquor to plaintiff's husband on the premises, and if such sales were in fact violations of the law, he must be charged with the knowledge thereof, under the doctrine that, when an act is unlawful by reason of the character of the person affected, the party liable for the act is not excused on the ground that he had no knowledge of such character.   We have held that a seller of intoxicating liquors is liable for sales to an intoxicated person, even though he did not know the person was intoxicated. *Church v. Higham*, 44 Iowa, 482. So, if a saloon keeper permits a minor to remain in his saloon, being forbidden so to do by statute, he is liable, even if he did not know that the person was a minor. See *State v. Probasco*, 62 Iowa, 400, and cases therein cited, illustrating the doctrine. These cases do not require knowledge of the fact which renders the act unlawful, in order to authorize conviction.

III.   But it is said, Reckermire did not have knowledge of the habit of intoxication of plaintiff's husband, the fact which made the sales of intoxicating liquors to him by Kirt unlawful. Kirt may have been ignorant of the same fact, but he was, nevertheless, liable for violation of law.

Now, Reckermire had knowledge of the very act of Kirt which constituted the crime committed by him. It will be conceded that, if Reckermire had knowledge that Kirt knew of the habits of plaintiff's husband, though Reckermire himself had no knowledge upon the subject, the property would be liable, for in that case Reckermire would know of its occupancy and use in violation of law. It is not necessary, therefore, for Reckermire to have knowledge himself of the husband's habits. His property is liable if he knew that Kirt violated the law. He had knowledge of Kirt's acts, which,

as we have seen, were violations of the law. He could not know what Kirt knew, or, at least, the state could not show that he knew the extent of Kirt's knowledge as to plaintiff's husband's habits. The law will, therefore, inquire no further that to ascertain that the sale of liquors to the husband was un-. lawful, and that Reckermire knew thereof. It will not inquire into what he knew of the knowledge of Kirt. We discover that the knowledge of Reckermire as to the habits of plaintiff's husband was not involved in the issues of the case, and the jury, therefore, were not required to make any findings touching that subject.

In my opinion the judgment of the circuit court ought to be affirmed.