Cox v. Newkirk et al.

1. **Intoxicating Liquors:** SALE TO HUSBAND: GROUND OF LIABILITY
TO WIFE FOR DAMAGES. A person who contributes merely to a hus-
band's habit of drinking, by selling him intoxicating liquors, is not
responsible to his wife for damages which may accrue from eventual
drunkenness, not directly caused thereby; (compare *Ennis v. Shiley*, 47
Iowa, 552;) but the person who contributes directly to the intoxication,
that is, to specific fits of intoxication, becomes liable, even though the
intoxication has become habitual: and an instruction to that effect, in
substance, is approved. (*Flint v. Gauer*, 66 Iowa, 696, distinguished.)

2. ———: ———: DAMAGES: LIEN ON LEASED BUILDING: CONSENT OF
OWNER: INFERENCE FROM KNOWLEDGE. In an action by a wife for
damages for the intoxication of her husband by means of liquors sold
him by the lessee of a building, where the lessor was also made a party,
and the judgment against the lessee was sought to be made a lien on
the building, *held* that it was error to instruct the jury, in substance,
that the lessor's knowledge of the sale of liquor in the building, and his
*consent* thereto, might be inferred from circumstances tending to show
knowledge; since there might be knowledge without consent. (Com-
pare *Myers v. Kirt*, 57 Iowa, 421.)

*Appeal from Dallas Circuit Court.*

FRIDAY, OCTOBER 21.

THE plaintiff, Frances A. Cox, brings this action to recover
for damages alleged to have been sustained by reason of the
intoxication of her husband by liquor sold him by the
defendants Newkirk and Kearms. She also asks that she
may be allowed a lien upon the lot on which the liquor was
sold. There was a trial to a jury, and verdict and judgment
were rendered against Kearms for $2,416.66, and the same
was made a lien upon the lot. The defendant Sarah J. Har-
lan, the owner of the lot, appeals.

*Kauffman & Guernsey*, for appellants.

*Cardell & Shortly*, for appellee.

ADAMS, CH. J.—The plaintiff's husband, Charles E. Cox,

was a practicing attorney at Perry. Until the winter of 1883 and 1884 he supported his family comfortably. About that time, however, his intemperate habits increased, and he became a drunkard. In the spring of 1884, he became affected with *delirium tremens*, but afterwards partially reformed. The last of November, 1884, Kearms leased from Mrs. Harlan the premises in question for a grocery store, and occupied the same for about two months. During that time he sold intoxicating liquors to some extent to the plaintiff's husband. Cox became worse, and lost his mind, and died a few months later. The lease of the premises to Kearms provided expressly that they should not be used for unlawful purposes, and Mrs. Harlan contends that she never at any time consented that they should be so used. Soon after the execution of the lease, her husband, acting as her agent, heard rumors that intoxicating liquor was being sold upon the premises. He began to make inquiries, and to exercise some vigilance in regard to the matter, employing the city marshal to watch against the sales of liquors upon the premises. Soon afterwards he served notice upon Kearms to quit, and in about two months from the commencement of the lease the premises were vacated.

I. The appellant complained of certain instructions given by the court, and among them of instruction 6, in which the

1. INTOXICAT-ING liquors: sale to husband : ground of liability to wife for damages.

jury was told, in substance, that if Kearms contributed to Cox's intoxication, habitual or otherwise, he would be liable for the damages sustained by the plaintiff in her means of support caused by such intoxication. It is contended by the appellant that this instruction is inconsistent with the ruling in *Ennis v. Shiley*, 47 Iowa, 552. There is a manifest difference between contributing to the habit of drinking, which eventually results in habitual drunkenness, and contributing directly to such drunkenness. The person who contributes merely to the habit of drinking is not responsible for damages which may accrue from eventual drunken-

ness, not directly caused thereby.    This is the rule intended
to be held in *Ennis v. Shiley*, as can be seen from the opin-
ion, though there may be some doubt as to whether the facts
of the case called for such ruling.    The instruction now in
question, as we understand it, holds, in substance, that a per-
son who contributes directly to the intoxication, that is, to
specific fits of intoxication, becomes liable, even though the
intoxication has become habitual.    We think that the instruc-
tion is correct.    It is true that in *Flint v. Gauer*, 66 Iowa,
696, an instruction was condemned which was very much
like the one which we now sustain.    But in that case the
court followed *Ennis v. Shiley*, and understood the instruc-
tion condemned as holding that a person would be liable who
merely contributed to the formation of a habit which event-
ually resulted in drunkenness.    Whether the instruction was
properly understood may admit of some doubt.    This leads
us to say that hereafter courts should observe the distinction
here pointed out, and endeavor to make their instructions
clear.

II.    Complaint is made of the twelfth instruction, which is
in these words:    " You are further instructed that the knowl-
edge and consent of the owner of the premises, or
his agent, need not be shown by any positive act,
but may be inferred from facts and circumstances
surrounding the parties, their opportunities of
knowing what was done therein, as well as other
circumstances tending to show knowledge on the part
of the owner or his agent."    It is insisted that the instruction
is erroneous in that it holds that knowledge and consent may
be inferred from circumstances tending to show knowledge,
and we have to say that it appears to us that the appellant's
position is well taken.    Consent cannot be inferred from
knowledge alone.    There might be knowledge and dissent,
or knowledge and a *bona fide* effort to prevent the premises
from being used for the illegal sale of liquor.    Consent
might doubtless be inferred from acquiescence, but that is

2. —: —:
damages: lien
on leased
building:
consent of
owner: infer-
ence from
knowledge.

quite different from knowledge alone. *Meyers v. Kirt*, 57 Iowa, 421.

Some other questions are discussed, but upon another trial the issues may be changed, and different evidence introduced.

For the error pointed out, the judgment must, as against the defendant Harlan, be                                    REVERSED.