## WING v. BENHAM *et al.*

Intoxicating Liquors: UNLAWFUL SALES: LIEN ON BUILDING: KNOWLEDGE OF OWNER. In an action by plaintiff against a saloon-keeper for damages on account of unlawful sales of liquor to her husband, and against the owner of the property for the purpose of establishing whatever judgment she might obtain as a lien thereon, where it appeared that not only the sales made to plaintiff's husband were unlawful, but that the whole business, as there carried on, was unlawful, it was error to instruct the jury, that, although they found that the owner of the property or his agent knew of the unlawful business, and assented thereto, yet they could not charge the property with the judgment in this case, unless they also found that he or his agent knew of the sales to plaintiff's husband, and assented thereto; for consent to use the property for an unlawful purpose is consent to every unlawful act done pursuant thereto. Such is the effect of section 1558 of the Code. (*Meyers v. Kirt*, 57 Iowa, 421, and 64 Iowa, 27, *distinguished*).

*Appeal from Linn District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, OCTOBER 24, 1888.

PLAINTIFF brought an action for the recovery of damages for the injury to her means of support caused by the unlawful sale of intoxicating liquors to her husband by the defendant Benham. The property in which the business was carried on was owned by defendant Owen, and he was made a party, to the end that any judgment which should be recovered against Benham might be established as a lien on the property. Plaintiff recovered against Benham, but the jury found specially that Owen did not consent to the unlawful sales of liquor to her husband, and the court entered judgment in his favor on that finding. Plaintiff appeals.

*Gray & Parsons* and *Chas. W. Kepler*, for appellant. ˅

*Blake & Hormel* and *Thompson & Lanning*, for appellee.

REED, J.—Appellee filed a motion to strike the evidence from the abstract, on the ground that it had not been properly preserved or made part of the record. But as the material questions in the case can be determined without considering the evidence, we do not decide the motion.

The district court gave the following instructions, on which error is assigned: "12. If, after a careful consideration of the evidence under the foregoing instructions, you find the plaintiff is entitled to recover against defendant Benham, you will next inquire and ascertain from the evidence whether the defendant Owen had any knowledge and gave any consent to the sale or furnishing of any intoxicating liquors to the said C. M. Wing by the said Benham or his clerks. Knowledge thereof and assent thereto by the said George B. Owen, agent of defendant David Owen, will be sufficient to charge said premises with a lien for any sum you may find against defendant Benham; and if you find from the evidence, besides other facts and circumstances, that intoxicating liquors were sold by said Benham or his clerks in said building, contrary to law; that the traffic had been continued for a considerable length of time; that said saloon was in a public place, in a large building, of which said George B. Owen had charge and looked after during the time plaintiff's husband resorted there to procure intoxicating liquors, if he did; that the said George B. Owen passed the said saloon frequently when at home; that he sometimes entered said saloon, and purchased or obtained intoxicating liquors therein; that the said room was fitted up for saloon purposes; that the said Benham procured and had posted up in said saloon a government license to sell spirituous liquors; that the purpose for which said room in said

building was used was generally known,—you will carefully weigh and consider the same, and from these circumstances, if established, and all the evidence, you will determine whether or not defendant Owen assented to and had knowledge of the use of his property by the defendant Benham for the unlawful sale of intoxicating liquors. 13. You are instructed that, unless you believe and find from all the evidence that George B. Owen, agent of defendant David Owen, actually consented to the sale or furnishing of intoxicating liquors, on the premises named in the petition, to. Chas. M. Wing, you cannot charge the premises of defendant Owen with any judgment that may be rendered in this cause against Benham ; and the mere fact, if you find it to be a fact, that said George B. Owen received a bottle of whiskey on the premises, is not of itself alone sufficient to establish such consent. But if you can say, from all the evidence and facts and circumstances before you, that George B. Owen had knowledge and did consent to sales by Benham to Wing, if any, and plaintiff was damaged thereby, as alleged, such would in law be actual consent, and would bind David Owen." It is proper to remark in this connection that the case arose after the amendments enacted in 1884 to the statute for the suppression of intemperance took effect, but before the substitute for section 1558 of the Code of 1873, enacted in 1886, went into force.

Without looking into the evidence contained in the abstract, we must presume that there was evidence which tended. to prove the facts and circumstances referred to in the twelfth instruction, viz., that Benham kept a saloon in the building, and there carried on the business of selling intoxicating liquors contrary to law, and that the unlawful traffic was there carried on for a considerable length of time, and that defendant's agent, who had the care of the property for him, knew of the unlawful use to which it was being devoted. And under the last clause of the instruction the jury were warranted in finding from those circumstances, if they were proven, that defendant assented to that use of his property.

But the doctrine of the thirteenth instruction unmistakably is that, notwithstanding such knowledge and assent, the property could not be charged with the judgment against Benham, unless defendant or his agent also knew of the sales to plaintiff's husband, and consented thereto. We cannot give our assent to that doctrine. The effect of section 1558 is to subject the property to the judgment when the unlawful act or business on which it is based was done or carried on with the knowledge and consent of the owner or his agent. True, we have held in some cases that there could not be a recovery against the owner of the property without proof that he knew of and consented to the particular sales in question, as in *Meyers v. Kirt*, 57 Iowa, 421; and 64 Iowa, 27. But there the business carried on in the building was not generally unlawful, but the particular sales were alleged to be unlawful, because of the circumstances under which they were made. And the same was true in all the other cases in which that holding obtained. But here the whole business was in violation of law. Now, when one consents that an unlawful business may be carried on in his building, he presumably consents to every transaction that may occur in the business contemplated. A. leases his building to B., with the knowledge that it is to be used as a gambling house. He thereby consents, not only to that use, but to every act of gambling that may be carried on in it during the term of the lease; and it would only be necessary, in order to establish his consent to such acts, to prove his original assent to that use of the property. And the same rule must obtain in the case of any other unlawful use of property with the consent of the owner. The instruction is clearly erroneous, and the judgment must be

REVERSED.