STATE OF IOWA, EX REL. JOSEPH EGERMAYER, County Attorney, Appellee, v. JOHN KELLY ET AL., Appellees, and CHARLES M. FORNEY and certain described real estate, Appellants.

**Intoxicating liquors:** NUISANCE: INJUNCTION: COSTS. The premises used by one not the owner for the illegal sale of liquor can not be subjected to a lien for the costs of an action to abate a nuisance, unless it is shown that such sales were made with knowledge or consent of the owner.

**Same.** The provisions of the Code relating to abatement of liquor nuisances do not contemplate any proceeding *in rem,* but the action is *in personam;* so that a description of the premises as defendant in the title of a decree consented to by all defendants except the owner of the premises, who, in his answer, denied knowledge of the illegal use of the premises, did not authorize the establishment of a lien for costs against the premises, in the absence of proof of his knowledge of any sales.

**Same:** APPEAL: REVIEW OF JUDGMENT FOR COSTS. Where the decree in a suit to enjoin a liquor nuisance, entered on an agreement of counsel for all defendants except the owner of the premises, created a lien for costs against the premises without proof of the owner's knowledge of its illegal use, an objection on appeal to a consideration of the question of costs because not presented to the trial court was not tenable, as the appeal was not from a ruling incidental to a determination of the case but from the decree itself, and was triable *de novo;* and a motion for new trial was not essential to a review of the judgment.

*Appeal from Marshall District Court.—*HON. J. M.
PARKER, Judge.

SATURDAY, MAY 6, 1911.

ACTION in equity to enjoin defendants Kelly and others from keeping, using, or maintaining on the real estate specifically described a place for the unlawful sale of intoxicating liquors or for keeping the same with the intent to sell in violation of law, and to have the costs, including statutory attorney's fees, declared a lien upon the described premises of which defendant Charles M. Forney and one C. H. Forney are alleged to be the owners. The defendants other than Charles M. Forney filed an answer denying the allegations of the petition and alleging strict compliance with the mulct law in conducting the business of selling intoxicating liquors on the described premises. The defendant Charles M. Forney, by separate answer, admitted ownership of an undivided one-half interest in the premises, and alleged that if intoxicating liquors had been sold thereon in violation of law he had no knowledge whatever of such sales. Counsel appearing for all the defendants except Charles M. Forney consented to a decree for an injunction, in which it was ordered that the costs be taxed against the defendants and the judgment be made a special lien on the premises, and special execution for the sale of said premises and general execution for any balance remaining unpaid were ordered. From this decree and judgment defendant Charles M. Forney appeals. *Reversed* and *remanded.*

*Binford & Farber,* for appellant.

*George Cosson,* Attorney-General, *C. A. Robbins,* Special Counsel, *A. C. Daly,* County Attorney, and *Joseph H. Egermayer,* for the State.

*F. E. Northrup* and *Boardman & Lawrence,* for all other appellees.

McCLAIN, J.—This appeal presents the question whether the trial court erred in holding that under a consent decree agreed to by counsel for all the defendants except Charles M. Forney, who had filed an answer denying knowledge of illegal sales on the premises, the costs of the action could be made a lien upon such premises in the absence of any evidence showing knowledge on the part of said defendant Forney.

I. In Code, section 2422, it is provided that in an action to abate a liquor nuisance the costs assessed or judgment rendered against any person for unlawfully selling

1. INTOXICATING LIQUORS: nuisance: injunction: costs.

intoxicating liquors or keeping the same with intent to sell contrary to law, shall be a lien upon the personal and real property of the person unlawfully selling or keeping for sale and upon the real property occupied and used for the purpose with the knowledge of the owner or his agent, and that any judgment recovered may be enforced against the property upon which the lien attaches by execution or by action against the owner of the property to subject it to payment thereof. Under these provisions it has been held that the premises which have been used for the illegal sale of intoxicating liquors by the occupants, who are not the owners thereof, are subject to the lien of a judgment rendered against such occupants only when it is shown that they have been used for such illegal purpose with the knowledge or consent of the owner or his agent. *Polk County v. Hierb,* 37 Iowa, 361; *Cobleigh v. McBride,* 45 Iowa, 116; *Meyers v. Kirt,* 57 Iowa, 421; *Myers v. Kirt,* 64 Iowa, 27; *Cox v. Newkirk,* 73 Iowa, 42. In the first of the cases just cited it is said: "Not all property used for the unlawful sale or manufacture is liable for fines or judgments against the manufacturer or seller, but such

·only as is' so· used with ·the consent or· knowledge of ·the owner. Before the property can be made so liable, it must be established as a fact that the property was so used with the owner's knowledge or consent. True, the statute does not provide the manner in which this fact is to be made to appear, and it is not necessary that it should do so. It is sufficient that the existence of this fact is made a condition precedent to the liability of the property, and that the statute does not provide that the property shall become liable without a judicial determination that the fact exists." This was the interpretation put upon the statute for the purpose of meeting the objection that it provided for the taking of private property without trial, and showing that it was not in conflict with the constitutional provisions. that no person shall be deprived of his property without ·due process of law; and such interpretation has been consistently adhered to as indicated in the cases already cited.

Now it appears in the record that although defendant Forney, the owner of an undivided interest in the described property, the owner of the other undivided interest not being a party to this action, ·denied in his answer any knowledge of illegal use of the premises. for selling or keeping for sale intoxicating liquors thereon in violation of law, there was no evidence whatever presented to the court tending to show such knowledge on his part, and that his counsel did not consent to the decree by which the costs were made a lien upon the premises. Unless, therefore, some other facts or circumstances appear in the record justifying the action of the court in decreeing that the costs be a lien upon ·the premises, the decree is in that respect erroneous.

II. It is urged by counsel for the state that the property specifically described in the action was made defendant, and, as such ·defendant, was represented by counsel appearing for all defendants except W. M. Forney, who

agreed that a consent decree should be entered. It may be that for some purposes specific property may be ·described as defendant in a proceeding *in rem*, although we are not able now to imagine a case in which the court could acquire jurisdiction over property as a defendant without some form of notice, actual or constructive, having been given to the owner, known or unknown, of such property. But the provisions of the Code relating to the abatement of liquor nuisances do not contemplate any proceeding *in rem*. The action is *in personam;* and the property is to be subjected to the lien of a judgment for costs as already indicated only on the proof of certain facts under issues properly raised in an action to which the owner of the property is a party. In this case such an issue was raised, but there was no evidence of any kind tending to show the owner's knowledge of or consent to the illegal use of the premises. Indeed, there is no finding in the consent decree that the owner had any such knowledge, and the decree does not purport in any way to bind him, or to find as against him the facts essential to authorize the subjection of the property to a lien. The title of the decree describes the property as a defendant, but does not name the owner, and we are unable to see how even on its face the decree can be regarded as embodying a finding against the owner of the essential fact of knowledge or consent essential to justify the costs being declared a lien upon the premises.

2. SAME.

Some reference is made in argument to the case of *Denmead v. Parker,* 145 Iowa, 581, a *certiorari* proceeding in this court instituted by this appellant, Charles M. Forney, and his co-owner, C. H. Forney, who was not a party defendant, in which action it was held that as to C. H. Forney the decree was entered without authority, with the result that the judgment was declared not to be a lien on his interest. In that case it was held that as C. M. Forney was a party, he could not in *certiorari* have the

decree, so far as it affected his interest in the property, annulled, inasmuch as his remedy, if any, was by appeal. The grounds available to C. H. Forney in that case for the annulment of the decree, so far as it affected his interest in the premises, are, however, now available to C. M. Forney upon the appeal which he has prosecuted; and, under the decision in the case just cited, it seems perfectly clear that the decree making the judgment a lien on the interest of appellant is unauthorized by the record.

III. But counsel for the state insist that the question here presented was not presented to the trial court, and that an error which might have been corrected in the trial court, had attention been called to it, should not be made a ground for correction on appeal. The case was, however, tried in equity, and this appeal, involving the correctness of the final decree as to the lien of the judgment on the property of C. M. Forney, is triable *de novo*. The appeal is not from some ruling incidental to the final determination of the case, but it is from the decree itself. The error complained of is necessarily involved in that decree. The issue as to Forney's knowledge of the illegal use of the premises was squarely presented by his answer, and as to that issue plaintiff had the burden of proof. The court proceeded, without hearing the evidence on such issue, to render a decree adverse to defendant Forney, no doubt on the mistaken assumption that the consent to a decree was given by counsel with authority to represent him, or that the judgment could be made a lien upon his property without proof of the matter as to which issue was raised in his answer. If the assumption was that Forney was represented by the counsel who consented to the decree, then it was plainly erroneous, as the record shows; if it was that the determination of the issue raised by Forney's answer was immaterial in determining whether the judgment should be a lien, then, as already pointed out, there was

3. SAME: appeal: review of judgment for costs.

an error of law. Counsel who had appeared and answered for Forney had no opportunity to combat either the one erroneous assumption or the other. The court proceeded, without a hearing on the issue raised by Forney's answer, to render a decree erroneous as to him, and by so doing it adjudicated the very issue arising under his answer.

The case is quite different from that of *Ottumwa Savings Bank v. City of Ottumwa,* 95 Iowa, 176, the only case in equity cited in support of appellee's contention. In that case this court refused to decide a new question not presented to the lower court and as to which no issue had been made.

In the case before us the court by its final decree erroneously decided the very issue which was presented under Forney's answer. There was no occasion for a motion for a new trial in order to raise the question now presented on appeal (Code, section 4106), and appellant may now properly insist that on this appeal the decree, so far as it declares a lien on his property, be reversed. As there was no trial of the issue raised by his answer, the case will be remanded for further proceedings not inconsistent with this opinion. *Reversed* and *remanded.*