ROSE Z. HENRY, Appellee, v. ELIZABETH V. HENRY, Appellant.

**HUSBAND AND WIFE:** Alienation—Joint Tort. The alienation of
   the affections of a spouse by two or more parties is not *necessarily*
   a joint tort. He who alleges that a settlement with one alleged
   alienator worked a discharge of another alleged alienator must
   establish that the parties were joint tort-doers.

*Appeal from Mahaska District Court.*—CHAS. A. DEWEY, Judge.

FEBRUARY 7, 1922.

ON January 23, 1917, plaintiff filed her petition in two
counts. The petition alleges that she was married to Jeff J.
Henry in June, 1914. The first count alleges that, in November,
1915, plaintiff's husband deserted her, and that prior thereto the
defendant had alienated his affections. The means employed
are stated in detail. These are stated to be that defendant
poisoned plaintiff's husband against her by calling her names,
making charges against her, and so on. The second count charges
that defendant committed different assaults upon plaintiff: one
with a gun, July 5, 1914; another, May 23, 1915; another in
June, 1915; others in March, May, August, and November, 1916.
Two days after this suit was brought, plaintiff also brought
an action for damages against Augusta L. Ellis, in two counts.
The first count charged that, about November, 1916, said de-
fendant, Ellis, committed an assault and battery upon plaintiff
with her fists and with a hoe. The second count alleges that,
about the month of July, 1914, and at other times, said defend-
ant, Ellis, by means therein described, alienated the affections
of plaintiff's husband. While the means employed are similar
to those set out in the instant case, the epithets used were not
the same. It is not claimed in either petition that the defend-
ant in the instant case and the defendant Ellis in the other case
were acting in concert or jointly. The instant case was tried
to a jury, which trial resulted in a verdict and judgment for
plaintiff in the sum of $1,250. The judgment was entered

February 28, 1919. It is contended by appellant, and we so understand the record, that such recovery was solely on the count charging alienation. The case was appealed to this court and affirmed. *Henry v. Henry,* 190 Iowa 1257. Before the petition for rehearing was filed, and on December 20, 1920, the other case, *Henry v. Ellis,* was settled by the payment to plaintiff by Ellis of $150, under a written stipulation which reads in this wise:

"It is hereby stipulated by and between the parties in the above-entitled case, that the same is hereby settled in full of all damages arising or growing out of the things alleged in said petition for the sum of $150, the receipt of which is hereby acknowledged and accepted by the plaintiff."

The title of the case is stated in the settlement, and the settlement is signed by plaintiff and Ellis. The settlement does not specify whether the $150 was paid for the alleged alienation by Ellis or for the assaults. Both counts were pending in the *Ellis* case at the time of the settlement, and the written stipulation recites that it is to settle all matters growing out of the things alleged in the petition. After the instant case was affirmed by the Supreme Court, the defendant in the instant case brought an action in equity, to enjoin plaintiff from enforcing the judgment, and at the same time filed a motion to discharge the judgment. The injunction suit and the motion were based upon the proposition that the settlement of the *Ellis* case was a settlement and discharge of the judgment obtained in the instant case, because the matters set up in both cases were the same joint tort, and that the settlement of the *Ellis* case satisfied and discharged the recovery in the instant case. The trial court denied the injunction, and from such decision the defendant has not appealed. The trial court overruled defendant's motion to discharge the judgment, and from such ruling the defendant appeals.—*Affirmed.*

*Malcolm & True* and *Shangle & Waggoner,* for appellant.

*Reynolds & Heitsman* and *McCoy & McCoy,* for appellee.

PRESTON, J.—1. In appellee's resistance to defendant's motion, numerous grounds are set up, and are argued at some

length on this appeal. Among such objections, it is claimed that some of the attorneys for Ellis, who were also attorneys for the defendant herein, misled plaintiff's attorneys by promising that, if the settlement of the *Ellis* case was made, the $1,250 judgment would be paid off, and that no petition for rehearing would be filed in the Supreme Court; that, contrary to such agreement, appellant did file a petition for rehearing, and plaintiff was put to expense in resisting the same, and for attendance in the Supreme Court; and that thereby the appellant is estopped from maintaining its motion to discharge. Appellee contends further that, by reason of the matters just referred to, a fraud, at least in a legal sense, was practiced upon the plaintiff. Appellant says, in reference to this, that she was not a party to the settlement, and that, if any such promises were made by her attorneys, it was without authority from her, and that she is not bound thereby. Appellee also says that it was not the intention of plaintiff to discharge the judgment in the instant case by the settlement of the *Ellis* case, and further, that it was not the same joint tort.

Appellant contends that the principal point in the case is whether the two actions were for the same joint tort. If it be held that they are not so, then it is unnecessary to consider the other questions argued by appellee, or other errors assigned by appellant. Such other assignments of error relate more particularly to the admission of the evidence of the five or six attorneys who testified in regard to the negotiations, discussion, and settlement of the *Ellis* case. This evidence, for the most part, went in without objection; but some objections were made, and some motions made to exclude; but as to these, there were no rulings by the court, and it does not appear that appellant requested the court to rule. This being so, appellant may not complain thereof. Appellant contends that alienation, like trespass, is a complete and inseparable condition. They cite *Snyder v. Mutual Tel. Co.*, 135 Iowa 215, 226, *Miller v. Beck & Co.*, 108 Iowa 575, 582, and *Farmers Sav. Bank v. Aldrich*, 153 Iowa 144, to the proposition that, if the sum total of the efforts of all resulted in such wrong, then all were joint tort-feasors; and that a full settlement of the claim with one joint tort-feasor extinguishes any right of action against others, against whom an

action might have been brought. Appellee does not quarrel with these rules. The rule is recognized in our later cases. *Ryan v. Becker,* 136 Iowa 273; and *Middaugh v. Des Moines Ice & C. S. Co.,* 184 Iowa 969, 975, where it is held that the transaction in regard to the alleged release is open to explanation, and that parol evidence is admissible to show that the defendant and the third person who had been released are not joint tort-feasors, and that, in giving such release, no compensation was, in fact, received or intended for plaintiff's injuries. Some of the cases hold that the question of intention is not material, at least if there is full compensation for the injuries. *Carpenter v. Mc-Elwain,* 78 N. H. 118 (97 Atl. 560); *Farmers Sav. Bank v. Aldrich,* supra; *Berry v. Pullman Co.,* L. R. A. 1918F, 358, 366. There is evidence in this case on these matters, tending to show that it was not the intention to release defendant, and that the defendant and Ellis were not joint tort-feasors. At one point, appellee contends that the settlement of the *Ellis* case was for the different assaults by Ellis, and not for alienation at all,—at least that it may have been so; and that appellant has not shown that such was not the case. In the *Snyder* case, supra, the injury resulted in death, and by one act, a shock. But suppose deceased had been injured or crippled by one person, and three months or six months afterwards, injured again by another person, the parties inflicting the injuries not acting in concert, it surely could not be claimed that each of the tort-feasors would not be responsible for the damages occasioned by him. To illustrate further, suppose that, in this case, the defendant herein had alienated plaintiff's husband's affections, caused a separation, and the husband applied for a divorce from plaintiff, which was denied him; that thereafter they made up their differences, went to living together again, and for a time there was harmony and affection between them; that thereafter Augusta Ellis should step in, and by other methods and other charges and epithets should alienate the affections of plaintiff's husband,— clearly, under such circumstances, it seems to us, it could not be claimed that the defendant herein and Ellis were joint tort-feasors. The affections of the husband may not have been completely alienated by the defendant, if Ellis later further alienated the husband's affections. In other words, there may be a

recovery for partial alienation. 21 Cyc. 1622 F; *Nichols v. Nichols*, 147 Mo. 387; *Fratini v. Caslini*, 66 Vt. 273. There is a claim in the instant case that plaintiff's husband did leave her, and brought an action for divorce, which was denied. It is not clear from the record whether the transactions occurred in just the order we have given in the illustration. As said, there is no dispute as to the general rule of law that the release or discharge of one joint tort-feasor releases the other. The trouble with appellant's contention is that it is assumed, at the outset, that the defendant herein and Ellis are joint tort-feasors. This is the nub of the controversy. We are clear that the settlement of the *Ellis* case did not release or satisfy the recovery in the instant case. Defendant and Ellis were not joint tort-feasors. Perhaps it would be more accurate to say that appellant has not so shown. The burden is upon appellant. Appellant offered in evidence the pleadings in the two cases, but did not offer the evidence or instructions in the first case. As said, it does not appear anywhere in the record that it was even claimed in the pleadings that defendant and Ellis were acting in concert or jointly; the claim seems to have been that the two defendants were not acting together, but independently and at different times, using different methods or accusations to accomplish the purpose of each. It is doubtless true that it would not be necessary that two persons should participate in all the acts of each other; but they must act in concert, to accomplish the same purpose, in order to make them joint tort-feasors. 21 Cyc. 1623; *Price v. Price*, 91 Iowa 693. It is not clear even that the settlement of the *Ellis* case was not for the alleged assaults by her. It is a proper inference that the settlement was at least in part on that count of the petition.

A number of cases are cited by appellee, which we shall cite without discussion. Several cases are cited where the wife was permitted to recover for separate sales of intoxicating liquor to her husband, causing him to become an habitual drunkard, which hold that the wife may separately sue each person making sales, and recover the damage caused only by the person sued. *Ennis v. Shiley*, 47 Iowa 552; *Jackson v. Noble*, 54 Iowa 641; *Richmond v. Shickler*, 57 Iowa 486, 487; *Bellison v. Apland & Co.*, 115 Iowa 599; *Adel League v. Ehmke*, 120 Iowa 464. Also,

38 Cyc. 484, to the point that, where wrongdoers have not acted in concert, and separate injuries are caused by the act of each, the liability is several.  Also, *Harley v. Merrill Brick Co.*, 83 Iowa 73, 76, and 38 Cyc. 485, that, if a person act independently, and not in concert with others, he is liable for the damages which result from his own act; and the fact that there is difficulty to measure accurately the damage which was caused by the wrongful act of each contributor to the aggregate result does not affect the ruling, or make anyone liable for the acts of the others.  Also, *Cleveland v. City of Bangor*, 87 Me. 259 (32 Atl. 892), and 1 Cooley on Torts 234, to the point that, where two persons are severally, though not jointly, liable for the same tort, a judgment against one is no bar to a suit against the other.

Without further discussion, we reach the conclusion that appellant has not sustained the burden, and shown that the two defendants were joint tort-feasors, or that the settlement of the *Ellis* case was a release or satisfaction of the judgment against this defendant.

2.  Appellee has filed a motion asking this court to impose a penalty on the ground that the injunction and motion to discharge the judgment were brought by appellant for delay, and that this appeal is unwarranted.  Some members of the court think a penalty should be imposed.  The majority think otherwise, and the motion is denied.

The ruling of the district court is—*Affirmed*.

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.