**FARM BUREAU SERVICE COMPANY OF MAYNARD, Appellant,**

v.

**Lawrence L. KOHLS, Appellee.**

**No. 55212.**

Supreme Court of Iowa.

Dec. 20, 1972.

Donohue, Wilkins & Donohue, West Union, for appellant.

Jacobson, Bristol & Thomson, Waukon, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

HARRIS, Justice.

An employment contract contained a covenant not to compete. Plaintiff employer appeals the trial court's holding the covenant was unnecessarily restrictive and therefore void. We affirm in part, reverse in part and remand.

For 13 years prior to February 1, 1970 defendant worked for the Clermont Co-op. His tasks were general and varied including running a mill, mixing and sacking feed, driving a truck throughout Fayette and Clayton Counties, making deliveries and picking up corn and oats. At no time during the 13 years did he sell or deliver petroleum. It appears the co-op did not then deal in petroleum products.

Plaintiff sold and delivered petroleum products as a service to its customers in the same general area. On February 1, 1970 defendant left the co-op and went to work for plaintiff as a petroleum delivery man. No written contract of employment was immediately executed; defendant was merely assigned a route covering six townships in Fayette County. There is a dispute as to the nature and extent of the formal training required for the job. Defendant concedes only "(i)t took me a day or two to learn to mechanically operate the gasoline tank wagon." Defendant also was given a customer list and selling information.

His employment was formalized by a written contract executed April 2, 1970. It contained the following restrictive covenant:

" * * * Salesman further agrees that he will not in the event of termination of this agreement, for any reason directly or indirectly enter into any business activity competitive to that of company within the normal trade territory of company (Buchanan and Fayette Counties) for a period of two years from such termination, and that in no event will salesman during such period solicit or encourage customers of company to purchase elsewhere the commodities covered by said agreement."

Exactly one year after commencing employment with plaintiff defendant returned to work for the Clermont Co-op. He had given notice of intention to do so by letter dated February 16, 1971: "I hereby give you written notice that I am cancelling my Contract of Employment with Farm Bureau Service Co., dated April 2, 1970, as provided therein, on January 31, 1971. * * *."

On his return to the co-op defendant went to work as a petroleum delivery man. During his last rounds while working for plaintiff the defendant successfully solicited some of his customers to transfer their business to the co-op. Until defendant's

return the co-op had never dealt in petroleum products.

This action was promptly brought to enforce the restrictive covenant and was defended on various grounds.

I. The trial of this case and the trial court's decree antedated our opinion in Ehlers v. Iowa Warehouse Co., 188 N.W.2d 368 (Iowa 1971). Defendant of course relied on the rule announced in our earlier decisions. Brecher v. Brown, 235 Iowa 627, 17 N.W.2d 377; Baker v. Starkey, 259 Iowa 480, 144 N.W.2d 889. The long established rule was in two parts. First it was required that a covenant not to compete had to be reasonably limited both as to time and area. Neither limitation could go beyond what was necessary to protect the legitimate interests of the one protected by the covenant. A second facet of the rule had only to do with the result when a limitation was exceeded. Formerly we took the view we could not modify the contract; that it had to be upheld as written or rejected. Brecher v. Brown, supra.

■ Under these well understood principles the case was tried and decided. The main thrust of defendant's efforts at trial was to show the covenant was too broad and was accordingly void. The showing was adequate. First it appears the activities restricted were more than were necessary for plaintiff's protection. Defendant was restricted from any " * * * business activity competitive to that of the company * * *." It would be ample protection for the plaintiff in this case to restrict a former employee only from those activities he undertook during his employment. Similarly defendant was restricted from activity throughout a two county area. It would have sufficed to restrict him from the six townships he worked in. The trial court rightly held the covenant too broad both as to scope and area.

Some two months after the trial court filed its decree we filed our opinion in Ehlers v. Iowa Warehouse Co., supra. In Ehlers we overruled our prior holdings as to the second facet in the rule but left the first part of the rule, the limitations restrictions, unchanged. We still require covenants not to compete to be limited as before. However when they are excessive they will be enforced to whatever extent we find reasonable under the long established rule.

■ Defendant argues he should not be bound by Ehlers because he acted in reliance on the existing law.

"As a general rule, the effect of overruling a decision and refusing to abide by the precedent there laid down is retrospective, as well as prospective, and makes the law at the time of the overruled decision as it is declared to be in the last decision; * * *.

" * * *.

"The foregoing general rule as to an overruling decision having a retroactive effect is subject to the well-settled exception that the construction of the law, as given by the overruling decision, may work prospectively but will not be permitted to retroact so as to impair the obligations of contracts entered into, or injuriously affect vested rights acquired, in reliance on the earlier decision, as where contracts are made or rights acquired in reliance on the construction of a constitutional provision or statute by an earlier decision, which construction is afterward changed by an overruling decision, and this rule has been held to apply to the construction of taxation statutes * * *. In order to obtain the benefit of this exception, it is not necessary for the person who acquired a vested right in accordance with the prior decision to prove that he relied thereon in acquiring such right, for reliance thereon will be presumed." 21 C.J.S. Courts § 194, page 326. See also 46 Iowa L.Rev. 601 (1961).

The rule overturned in Ehlers is not a "contractual right" as referred to as an exception to the retrospective application of a

court decision. The "right" claimed by the defendant was not contractual in nature. It was a common-law right given as an escape from contractual obligations found by the courts to be oppressive. Defendant had no more right to rely on that escape than did the contracting party in Ehlers. Defendant's claim of reliance is without merit.

II. The trial court found for the defendant on the separate defense of failure of consideration. It is urged this holding alone justifies an affirmance. Defendant insists no written contract was mentioned at the time he went to work for plaintiff. Neither was there a suggestion of a restrictive covenant. As previously mentioned the contract was not executed for two months after the actual employment began. Defendant insists the execution was informal and that he was unaware of the restrictive covenant.

On this point defendant's argument combines two complaints. He complains the restrictive covenant was not mentioned until he had resigned and been replaced in his previous job. It is also argued the recited consideration of continuing employment is at best insufficient and at worst illusory and nonexistent in view of the option of either party to terminate. We find insufficient evidence to support the first complaint and insufficient authority to support the second.

Beyond indicating his resignation from his former job and taking the new one defendant offered no evidence he was misled into his new employment. Even if employment opportunities were limited to plaintiff and the co-op the record does not support an inference defendant burned all bridges as he left his old job. The only evidence on the question of job opportunities is that he returned to the co-op after one year with plaintiff.

"An employee's anticompetitive covenant executed after the commencement of employment has been held unenforceable by some courts as without consideration. Other courts, however, have held that there is sufficient consideration in the continuance of employment—at least where the employee would have been discharged had he not agreed to the covenant." 54 Am.Jur.2d, Monopolies, section 550, page 985.

In Ehlers the contract was not executed until sometime after the employee went to work. The case might be distinguished by the concession in Ehlers that the matter was discussed when the job was undertaken. Ehlers is however authority for the proposition continuing employment for an indefinite period is sufficient consideration to support a covenant not to compete.

It is enough in answering defendant's complaint to point out his acknowledgement of the validity of the written contract when he resigned from it. " * * * I am cancelling my Contract of Employment with Farm Bureau Service Co., dated April 2, 1970, as provided therein, * * *." Defendant cannot complain there was no written contract.

We affirm the trial court's finding the covenant not to compete was unnecessarily broad. We reverse the finding it was void.

The cause is remanded for entry of a decree properly restraining the defendant from competing with plaintiff as provided herein. Said injunction shall restrain defendant from activity competitive to plaintiff in the six townships he served in plaintiff's employment, shall embrace only the activities defendant undertook in plaintiff's employment and shall be for a period of two years from the date that employment was terminated.

Affirmed in part, reversed in part, and remanded.