**Norman LARSEN et al., Appellees,**

v.

**Lena McDONALD, and Thomas McDonald, Appellants.**

**No. 266.**

Supreme Court of Iowa.

Nov. 14, 1973.

Lee H. Gaudineer, Jr., Des Moines, for appellants.

George A. LaMarca, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendants appeal trial court's decree enjoining their keeping of dogs as a private nuisance. We affirm.

Three questions are presented: (1) was the defense of res judicata established? (2) was a private nuisance proven? and (3) was the injunction too broad?

I. *Res judicata.* This is an action in which six neighbor couples have sued defendants Lena McDonald and Thomas McDonald, wife and husband, alleging their keeping of dogs is a private nuisance and asking injunctive relief. Defendants moved to their present residence in July 1952. At that time the property was outside the Des Moines city limits. It was annexed to the city in November 1966. Subsequently the City of Des Moines brought an action against defendants to enjoin their violation of the city zoning ordinance which bars the keeping of more than

three dogs over six months old in areas zoned R-2.

In its 1971 decree in that case the court found defendants had kept up to 20 dogs on the premises prior to annexation and this constituted use of their property as a kennel. Since this established a nonconforming use under the ordinance, the court held defendants' keeping of 32 dogs on the property at the time of trial was not a zoning violation. The court's decree included:

"Whether or not the keeping of 32 dogs on the premises the size of those in question would constitute a nuisance is not before the court in this action, the only question being whether or not the defendants are in violation of the zoning ordinance of the City of Des Moines."

Defendants contend the decree in that case is res judicata of this private nuisance action or at least precludes relitigation of the issue whether the keeping of 20 dogs is a nuisance. We do not agree.

In Goolsby v. Derby, 189 N.W.2d 909, 913-917 (Iowa 1971), we discussed the doctrine of res judicata as applied both to claim preclusion and issue preclusion. We identified the traditional three prerequisites to its application as "(1) identity of issues raised in the successive proceedings, (2) determination of these issues by a valid final judgment to which such determination is necessary, and (3) identity of the parties or privity * * *." We modified the requirement of privity by eliminating the necessity of mutuality of estoppel where the doctrine is invoked defensively against a party who was so identified in interest with one of the parties to the prior litigation as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its outcome.

■ The present action is predicated on private nuisance rather than the zoning ordinance. It was brought by 12 neighbors of defendants rather than the city. Although some of them cooperated with the city in the zoning action, they did not have or exercise any control of that case. See 1 J. Moore, Federal Practice, § 441 [1] at 1255. We do not believe plaintiffs had the identity of interest necessary to make them subject to the Goolsby rule. In the absence of identity of issues and such identity of interest, plaintiffs' action cannot be affected by the outcome of the city's zoning suit.

Defendants failed to establish their defense of res judicata.

II. *Proof of nuisance.* Since this action was tried in equity our review of the evidence is de novo. Rule 334, Rules of Civil Procedure. We give weight to the fact findings of the trial court but are not bound by them.

Defendants live in a mobile home on a 100 by 175 foot lot in what is now a residential neighborhood in Des Moines, zoned for one and two family residences. When they first moved there in 1952 the area, then outside the city, was also residential in character but sparsely settled. Although several of the neighbors who testified for plaintiffs lived there before defendants, plaintiffs themselves followed defendants to the area by three or more years.

Defendant Lena McDonald, age 61 at trial, has a deep and abiding love for unwanted dogs. She has devoted her energies and property to caring for them since she was seven years old. She rescues dogs, takes them when no one else will, and they are sometimes brought to her property and left there. She put a sign in front of her home saying "No more dogs," but she still receives them.

Mrs. McDonald provides the dogs with food and shelter and attempts to place them in good homes. Although disputed, there is evidence defendants had relatively few dogs on their property until 1968. Estimates ranged up to about seven. Defendants and their witnesses contended defendants always had at least 15 to 20 there. Complaints started in about 1968.

At trial there were at least 40 dogs on the property, not including puppies. Dogs are chained or tied in the front, side and backyard of the premises. They are sheltered in doghouses, a garage, and a junk car. When her husband is out of town Mrs. McDonald has taken as many as 19 dogs into her trailer at night to keep them from disturbing the neighbors.

Plaintiffs live adjacent to or within one block of defendants' property. Their evidence was that the dogs bark frequently and loudly. The noise is so great it drowns out conversation and disrupts sleep. It can be heard with windows closed above ordinary household noise. It has made neighbors nervous and emotionally upset and has precipitated calls to the police.

Neighbors also complain of a sickening odor, evidently caused by dog urine. It is most noticeable on hot, muggy days when there is a slight breeze. It exists despite careful and extensive efforts by defendants to keep the property free of animal wastes. There is no way to avoid the urine odor.

Plaintiffs' evidence showed neighbors have been restricted in the normal use of their property by these conditions, especially relating to ordinary outside activities.

Defendants and a number of other neighbors testified as to defendants' efforts to control noise and odor and denied these conditions are pervasive or offensive.

Trial court found plaintiffs proved defendants' keeping of dogs is a nuisance and enjoined them from having more than five dogs on their premises, not counting puppies up to three months old.

■ A private nuisance is an actionable interference with a person's interest in the private use and enjoyment of his land. "One must use his own property so that his neighbor's comfortable and reasonable use and enjoyment of his estate will not be unreasonably interfered with or disturbed." Bates v. Quality Ready-Mix Co., 261 Iowa 696, 703, 154 N.W.2d 852, 857 (1967).

■ In Patz v. Farmegg Products, Inc., 196 N.W.2d 557, 561 (Iowa 1972), we said, "In determining whether a nuisance has been created we consider priority of location, the nature of the neighborhood, and of the wrong complained of." We also noted each case must depend upon its own facts. Particularly applicable here is the observation that, "The existence of a nuisance is not affected by the intention of its creator not to injure anyone." *Id.*

In the Bates case we held noise may be of such character and intensity to constitute a nuisance, and in such situations injury to the health of the complaining party need not be shown. The Patz case supports the same principle in relation to odor.

■ In the present case defendants assert overriding significance in the fact defendants had priority of location over plaintiffs. Although this factor is of considerable weight in determining whether a nuisance exists, it does not override other considerations.

Two circumstances weaken defendants' argument as to priority of location here. There is credible evidence they kept substantially fewer dogs in the early years of their occupancy, and conditions alleged to cause the nuisance did not exist until many of the complainants had come to the area. The other circumstance is noted in an annotation at 11 A.L.R.3d 1399, 1401:

> "Even if the dog keeper has commenced his activities before those who subsequently complain move into the vicinity of the nuisance, the former's rights are usually held to yield to those of the latter. This is so on the basis of the inherent changeability of the character of a given neighborhood. Thus, where an area may be amenable to keeping noisy dogs at one juncture, this does not mean that it will not change character in the future so that the later keeping of dogs in the same place will then be enjoinable as a nuisance."

There is no dispute the neighborhood is now residential. The zoning classification is indicative of its actual character. Although a number of people in the area own dogs, no family has more than three. It is clear the operation of an animal shelter or kennel is entirely inconsistent with the present nature of the neighborhood.

 We have reviewed the testimony relating to the nature of the conditions alleged to constitute the nuisance. We agree with trial court that plaintiffs and their witnesses are persons of ordinary sensibilities. Neighbors testifying for defendants also undoubtedly possess ordinary sensibilities, but we do not believe there must be unanimity in the neighborhood to prove a substantial invasion of the rights of those neighbors whose sensibilities are unreasonably offended. The evidence is sufficient to show normal persons in the locality find the situation definitely offensive and annoying. See Patz v. Farmegg Products, Inc., supra, 196 N.W.2d at 561–562.

Trial court did not err in holding defendants' keeping of dogs is a nuisance.

III. *Scope of the injunction.* Defendants contend the injunction went too far. They maintain they should be permitted to keep at least 20 dogs because neighbors did not complain when they kept that many. They also assert the injunction is unreasonable because it does not recognize differences in the innate characteristics of dogs.

We are unable to agree with defendants' premise that the evidence shows the keeping of 20 dogs is not a nuisance. The fact the situation had not previously caused either open neighborhood conflict or litigation does not prove it was inoffensive. In fashioning the remedy in this case trial court was undoubtedly mindful of the evidence as to the character of the neighborhood, the conditions constituting the nuisance, the forbearance of neighbors in coming forward with complaints as dogs were accumulated over the years, the desir-

ability of avoiding future confrontations, and the necessity of framing a workable injunction in simple, clear and concrete terms. We believe the terms of the injunction are appropriate, reasonable and fair.

Affirmed.