David BRYAN, Plaintiff-Appellee,

v.

Marlyn Charles HALL,
Defendant-Appellant.

No. 83–1416.

Court of Appeals of Iowa.

Feb. 26, 1985.

Ken J. Smith of Selby, Updegraff & Smith, Newton, for defendant-appellant.

Charles M. Manly and Charles M. Manly III of Manly Law Firm, Grinnell, for plaintiff-appellee.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

Marlyn Charles Hall, the defendant, and Linda Bryan, the plaintiff's mother, were involved in an automobile accident on August 17, 1979. Linda Bryan suffered physical injuries in the accident. On July 24, 1981 she filed a lawsuit against Hall seeking recovery for those injuries. That lawsuit was tried to a jury, which returned a verdict in favor of defendant Hall. On its verdict forms the jury answered "no" to the question, "Was the defendant negligent?" (The jury had been instructed on comparative negligence as well as contributory negligence.)

After this conclusion of Linda Bryan's lawsuit, her son, David Bryan, filed the present lawsuit on May 25, 1983 against Hall. David Bryan, fourteen years old at the time of the 1979 accident, seeks damages for loss of parental consortium arising from his mother's injuries in that accident.

Defendant Hall moved for summary judgment. Hall relied on the ground of issue preclusion, alleging that the issue of his negligence had already been resolved in the earlier suit filed by Linda Bryan. Hall also relied on a purported release signed by David in 1979 when he was fourteen years old.

The trial court overruled Hall's motion for summary judgment. In a brief handwritten ruling, the trial court stated that a child's loss of consortium claim "is not nec-

essarily precluded by trial of a parent's claim." The trial court did not address the purported release signed by David.

Defendant Hall has sought and received permission to appeal in advance of final judgment from the trial court's denial of summary judgment. On appeal, Hall sets forth two arguments to support his claim that the trial court should have granted the summary judgment: (1) this action is barred by issue preclusion because the issue of his negligence was litigated in the earlier lawsuit; and (2) because David has not disaffirmed a release he signed shortly after the accident, the release is still valid.

A motion for summary judgment should be sustained only when the moving party shows there is no genuine issue of fact and is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). If a moving party has supported his motion, an adverse party may not rest upon the allegations or denials in his pleadings, but must show there is a genuine issue of fact. Iowa R.Civ.P. 237(e).

The subject of issue preclusion or collateral estoppel is part of the doctrine of res judicata. In recent legal parlance, for clarity, the generic historical term of res judicata has been discussed in terms of claim preclusion and issue preclusion. Claim preclusion was applied by the Iowa Federal Court in *Green v. American Broadcasting Companies, Inc.*, 572 F.2d 628, 632 (8th Cir.1978). Issue preclusion means that further litigation on a specific issue is prohibited. See Preclusion/Res Judicata Variables: Parties, by Allan D. Vestal, 50 Iowa Law Review 27 (Fall 1964). The premise for issue preclusion is that an issue once tried should not be retried. The Iowa Supreme Court recognized this principle in *Bennett v. Monticello Bank*, 226 Iowa 705, 711, 285 N.W. 266, 269 (1939):

Having once tried his case upon the merits he may not properly relitigate it, since the former judgment constitutes a muniment or proof that he had no ownership in nor title to the property in controversy, but that the same belongs to his father.

After a judgment has been rendered in such a suit, it is obviously wasteful to relitigate the same issues. See Relitigation of Common Issues: The Failure of Non-Party Preclusion and An Alternative Proposal, 67 Iowa Law Review 917 (July 1982). Thus the doctrine has been applied to parties to suit one and to participating non-parties. See Preclusion/Res Judicata Variables, supra pp. 29–36 and 37 et seq. The question in the instant case involves preclusion by the winning party in suit one against a non-party. The issue segregated is whether defendant Hall in suit one, who was judged not negligent, may preclude the plaintiff David Bryan, who was not a party in suit one, from litigating this issue in suit two against defendant.

The rationale for issue preclusion rests on a desire for efficiency in our legal system and the finding that either the person precluded has had the opportunity to litigate the matter or his interests have been adequately represented in the initial litigation. In the instant case, David Bryan's suit may not be precluded unless it is determined that his interests have been adequately represented.

Preclusion has been applied based on privity, class action litigation, reestablishing of a muniment of title, and because the claim is derivative. In the latter category are loss of consortium suits by a spouse on account of personal injuries to the other spouse. The courts have not been consistent in deciding whether privity is required, control of the claim is necessary, or representation of the claimant was adequate. See Annot. (Spouse's Action—Conclusiveness), 12 A.L.R.3d 933, 945 (1967).

Defendant Hall has invoked defensive use of the doctrine of issue preclusion. Defensive use has been defined to mean that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense. *Goolsby v. Derby*, 189 N.W.2d 909, 913 (Iowa 1971), *citing* 31 A.L.R.3d 1044, 1074–1099 (defensive use of collateral estoppel),

and Allan D. Vestal *Preclusion/Res Judicata Variables: Parties*, 50 Iowa Law Review 27. Here, defendant Hall is not a stranger to the judgment but is the direct beneficiary of the earlier judgment, having been judged innocent of any negligent conduct regarding the accident. Thus, Hall is asserting the shield of issue preclusion not as a stranger but as a party to the first suit.

Professor Vestal has isolated six factors commonly found in the handful of decisions that have precluded non-parties: (1) the second suit is closely related to the first, (2) the point of view of the precluded party was adequately represented; (3) often the same judge presided over both cases; (4) a second trial was considered to be a waste of time; (5) the party precluded participated in the first suit; and (6) frequently the sequence of litigation was deliberately arranged by the litigants for tactical reasons. Vestal, Res Judicata/Preclusion: Expansion, 47 S.Cal.L.Rev. 357, 373–74 (1974). On the subject of preclusion generally, *see* Symposium Issue in Memory of Professor Allan D. Vestal, 70 Iowa Law Review, October 1984.

With regard to whether privity (or mutuality of estoppel) is required, the Iowa Supreme Court addressed the correlative matter of whether offensive use of issue preclusion can be invoked where mutuality of the parties is lacking. *Hunter v. City of Des Moines*, 300 N.W.2d 121 (Iowa 1981).

Under the mutuality of estoppel rule, a stranger to the judgment, one not a party to, nor in privity with, a party to the judgment, was not bound by the judgment, and subsequently was not entitled to rely on its effect in a subsequent suit. 31 A.L.R.3d 1060. Iowa has adopted a limited exception to the requirement of mutuality if:

A. The following four prerequisites are met:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

B. And where the party against whom the doctrine is invoked defensively "was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution."

*Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

If this test is applied on the issue of defendant's negligence, it is apparent that the four numbered requisites of paragraph A have been satisfied. The question now is whether the requirements of paragraph B are met.

In 1979 when the accident occurred, Iowa law did not allow a cause of action for a child's loss of parental consortium. *Hankins v. Derby*, 211 N.W.2d 581, 586 (Iowa 1973). Subsequently, in 1981, an independent cause of action in the minor child was recognized by a divided court for loss of the society and companionship of a parent who is tortiously injured by a third party. *Weitl v. Moes*, 311 N.W.2d 259, 270 (Iowa 1981). The action's viability was conditioned, however, on a joinder requirement.

Lastly because of the multiplicity of litigation that could otherwise result when an injured parent has a number of children, we condition recognition of the child's cause of action on a requirement that the child's claim be joined with his injured parent's claim whenever feasible. If a child's consortium claim is brought separately, the burden will be on the child plaintiff to show why joinder was not feasible.

*Id.*

The rule of *Weitl v. Moes* regarding the minor's independent cause of action was short-lived, being overruled by *Audubon-Exira v. Ill. Cent. Gulf R. Co.*, 335 N.W.2d 148, 152 (Iowa 1983). There the court held

that in the case of a parent's injury, the injured parent is the proper party to recover for the child. This is the situation in the present case.

In *Madison v. Colby*, 348 N.W.2d 202 (Iowa 1984), the ruling in *Audubon-Exira* was expanded to hold that all loss of consortium recoveries go to the person who incurred the loss. At the same time, the rule requiring a child's loss of consortium claim to be brought by the injured parent was tightened.

> To assure further against double recovery, it is desirable that consortium actions be joined with the action for the injury or death of the injured person. In some jurisdictions joinder is mandatory while in others it is required when feasible. *See Weitl*, 311 N.W.2d at 268. Based on the considerations explored in *Weitl*, we hold that consortium claims must be joined with the injured person's or administrator's action whenever feasible. If brought separately, the burden will be on the consortium claimant to show joinder was not feasible. *See id.* at 270.

*Madison*, 348 N.W.2d at 209.

This requirement was again quoted with approval in December 1984 by the supreme court in *Beeck v. S.R. Smith Company*, 359 N.W.2d 482, 485–86 (Iowa 1984). In that case, the court also determined that the *Weitl* decision operates retroactively as well as prospectively, following the general rule. *Id.* at 485 (citing *Farm Bureau Service Company v. Kohls*, 203 N.W.2d 209, 211 (Iowa 1972); 20 Am.Jur.2d Courts § 233 (1965); 21 C.J.S. Courts § 194 (1940)). The minor's cause of action thereby in the *Beeck* case was not barred by the statute of limitations.

Thus, the sequence of events in the case at bar bearing on the preclusion question is:

Aug. 17, 1979   Automobile accident involving Linda Bryan and defendant Hall

July 24, 1981   Suit filed by Linda Bryan, mother of David Bryan against Hall

Oct., 1981   *Weitl v. Moes* decided, which gave an independent cause of action to a minor for loss of consortium

April 1, 1983   Jury verdict in *Linda Bryan v. Hall* finding Hall not negligent

May, 1983   David Bryan files suit against Hall for loss of consortium

June, 1983   *Audubon-Exira Ready Mix, Inc. v. Ill. Cent. Gulf R. Co.* overrules *Weitl v. Moes* and holds that the injured parent is the proper party to bring a minor's action for loss of consortium

April, 1984   *Madison v. Colby* reiterated rule of *Audubon-Exira*

Dec., 1984   *Beeck v. S.R. Smith Company* decides that *Weitl* is applicable retrospectively

Applying the holding of *Beeck* to the facts of the instant case grants a cause of action to David Bryan as of the date of his mother's injury, August 17, 1979. *Beeck* also determined that the statute of limitations is extended in such a case under section 614.8 to one year after minority. But the court in *Beeck* again pointed out "the children's claim is presented by the injured parent and in conjunction with the parent's own case, whenever feasible, not because the claim is in the parent but rather to reduce a multiplicity of suits and the possibility of a double recovery."

Of course, in July 1981 when Linda Bryan commenced her lawsuit a cause of action for David Bryan's loss of consortium was not then recognized, so joinder was impossible. But in October 1981, the claim was legally recognized by the decision in *Weitl*. The right was, however, specifically conditioned on joinder with the injured parent's claim whenever feasible. Thus, from October 1981 until Linda Bryan's case was tried and decided on April 1, 1983, joinder was available and was procedurally very simple to accomplish. Iowa R.Civ.P. 23. Yet the record discloses no attempts to join the causes of action or to explain why joinder was not feasible as mandated by *Weitl*. To apply the right established by *Weitl* without the concomitant obligation

stated misapplies and misuses the law created. Consequently, we hold the trial court erred in not sustaining defendant's motion for summary judgment where joinder of plaintiff's claim with his mother's was not done and was not shown to lack feasibility.

■ For the same reasons delineated in *Beeck* that the decision in *Weitl* applies retroactively, the decision in *Audubon-Exira* is also retroactively applicable. We note that the court in *Beeck* answered affirmatively the federal court's question regarding retroactivity while carefully limiting itself to the facts certified. Those facts did not include the additional factor that the parent's claim for injuries went to judgment before the minor's litigation was commenced. In the instant case, Linda Bryan's case was decided before David Bryan's case was commenced. However, this factor is not relevant or determinative since issue preclusion does not depend upon whether the first lawsuit is still pending. Rather, the converse is closer to the heart of it.

Applying the ruling of *Audubon-Exira* retroactively places Linda Bryan as the proper party asserting a lawsuit in May 1983 on behalf of David Bryan against Hall for loss of consortium. Thus, the parties are the same and the allegation of negligence against Hall is the same as was litigated in the lawsuit brought in 1981 by Linda Bryan. The final test for issue preclusion is whether the party against whom the doctrine is invoked was "so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant issue and be properly bound by its resolution." David Bryan and his mother, Linda Bryan, as the injured parent are clearly so connected in interest. The issue of defendant's negligence has been litigated and adjudicated.

We therefore hold that plaintiff David Bryan's lawsuit is barred by the doctrine of issue preclusion on the question of defendant's negligence. The trial court erred in

failing to grant defendant's motion for summary judgment.

REVERSED; CASE DISMISSED.

All Judges concur except OXBERGER, C.J., who dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent from the majority opinion and would affirm the trial court denial of summary judgment.

The fighting issue in this case is whether the plaintiff, David Bryan, "was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue, and be properly bound by its resolution." *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (citing *Bertran v. Glens Falls Insurance Co.*, 232 N.W.2d 527, 533 (Iowa 1975), *Larsen v. McDonald*, 212 N.W.2d 505, 507 (Iowa 1973)).

In order to answer this question we must first determine whether Bryan's claim was his own independent claim, or his parents'. We have a classic law school exam situation. The state of the law fluctuated during the brief span of time so that the answer depends on whether the current law, or previous law, applies.

In *Weitl v. Moes*, 311 N.W.2d 259 (Iowa 1981), the supreme court said such actions belonged to the child. In *Audubon-Exira v. Illinois Central Gulf Rail. Co.*, 335 N.W.2d 148 (Iowa 1983), the court stated the question of who should sue on behalf of a child's claim for loss of consortium had been in flux for some time, and reversed *Weitl*, holding that the claim must be brought by the parent. The accident occurred prior to the *Weitl* case. The *Audubon* decision was not handed down until June of 1983, two months after the verdict in the mother's case and one month after Bryan had filed his claim.

As the majority points out, the question of whether a decision should apply retroactively and prospectively, and specifically whether the *Weitl* decision should apply retroactively, has been addressed by the

supreme court this last month. In *Beeck v. S.R. Smith Co.*, 359 N.W.2d 482 (Iowa 1984) the court answered the certified question whether *Weitl* should apply retroactively.

The court answered the question in the affirmative stating that the case applied both retrospectively and prospectively. *Id.* at 485. Therefore, *Weitl* applies retrospectively to include Bryan's claim.

The only remaining question is whether the *Audubon* case, which overruled *Weitl*, has any effect here. The supreme court noted in *Beeck* that most opinions, including overruling decisions, operate both retrospectively and prospectively. *Beeck* at 484 (citing *Farm Bureau Service Co. v. Kohls*, 203 N.W.2d 209, 211 (Iowa 1972); Note, 46 Iowa L.Rev. 600, 617 (1961); 20 Am.Jur.2d *Courts* § 233 (1965); 21 C.J.S. *Courts* § 194 (1940)).

It would seem that the *Audubon* case, like the *Weitl* case, would operate retrospectively and might apply to prevent Bryan's claim. However, courts may hold that a certain overruling decision should only have prospective application, and the supreme court in *Beeck* referred to the test of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971). *Beeck* at 484. The test requires the court to consider whether the overruling opinion changes a principle of law on which the litigants may have relied, to weigh the merits of the case by looking to prior history of the rule, and to survey the potential inequitable results if the decision is applied retroactively. *Id.* The court in *Beeck* determined this test had not been met, and applied *Weitl* both retroactively and prospectively, but limited its decision by saying "the federal court's question does not include an additional factor that the parent's claim for injuries or a claim for the parent's wrongful death went to judgment or was settled before the instant litigation was commenced, and we do not consider such a factor." *Id.* at 485.

That additional factor is present in this case. The claim of Bryan's mother was decided before the change in law by the *Audubon* decision. I disagree with the majority that this is unimportant; the court in *Beeck* indicated it was a distinguishing factor. I believe the test of *Chevron* has been met as regards application of *Audubon* to this situation. As pointed out by the court in *Audubon*, this area of law had been in flux for some time and the turnaround in the court's thinking could not have been anticipated. Rather, the child's parents and attorney relied on the law continuing as that expressed in *Weitl*. Therefore, I would limit the effect of the *Audubon* case, and find that *Weitl* applies here, allowing Bryan an independent cause of action.

The majority also says that even if *Weitl* applies, it was limited to include only those claims of the child which could not feasibly have been joined with the parent's claims.

I believe this decision must be made in light of holdings stating that summary judgment cannot ordinarily dispose of issues of negligence. *Daboll v. Hoden*, 222 N.W.2d 727, 734 (Iowa 1974). As the court in *Audubon* noted, "Our interpretations of section 613.15 have been inconsistent." *Audubon* at 150. I believe plaintiff here was justified in relying on the *Weitl* holding that David had an independent cause of action.

The majority notes the record reflects no justification for not joining David's claim with his mother's. In fact, the record is devoid of comment on this issue. I do not believe we can presume there is no justification which would fall into the comment in *Weitl* when the issue was never addressed by the court or counsel. In determining if summary judgment is appropriate, we are to view the pleadings in the light most favorable to the party against whom the motion is made. *Barnhill v. Davis*, 300 N.W.2d 104, 105 (Iowa 1981). I do not believe this is a proper basis for granting summary judgment.

Having determined Bryan has an independent claim, the issue is whether he is so closely connected in interest with his mother that the claim should be precluded. The cases discussing the question of connection

of parties' interests have not indicated a family relationship meets this test. *See e.g., Bertran* 232 N.W.2d at 534 (no such connected interest precluding litigation when employee sued employer in first claim and sued insurer in second claim); *Larsen* 212 N.W.2d at 507 (parties not so closely connected in interest when plaintiff in first suit was the city, and in second suit plaintiffs were neighbors of defendant); *State v. Young,* 211 N.W.2d 352 (Iowa 1973) (defendant not allowed to use acquittal of coparticipant in robbery as issue preclusion); *Jordan v. Stuart Creamery, Incorporated,* 258 Iowa 1, 4, 10, 137 N.W.2d 259, 260, 264 (1965) (issue preclusion allowed when the same parties were involved in both suits); *Henry v. Henry,* 192 Iowa 1346, 186 N.W. 639 (1922) (no issue preclusion when wife sued several people for alienation of affections).

I do not believe that Bryan was so closely connected in interest to the plaintiff in the prior action that the issue of negligence binds the son. I believe this case should continue to trial and would deny summary judgment.